UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT and VIRGINIA WALSH, individually and
on behalf of V.W., a child with a disability

                        Plaintiffs,

    – against –

DR. JOHN B. KING, JR., as Commissioner of Education
of the New York State Education Department,
JUSTYN P. BATES, as State Review Officer, and the BOARD
OF EDUCATION of the SHENENDEHOWA CENTRAL
SCHOOL DISTRICT,

                        Defendants.

---

# MEMORANDUM OF LAW
## ON BEHALF OF PLAINTIFFS AND THEIR DISABLED CHILD, V.W.

---

Submitted by,

                        Kenneth S. Ritzenberg, Esq.
                        YOUNG SOMMER, LLC
                        Attorneys for Plaintiffs
                        Virginia & Scott Walsh o/b/o Their
                        Disabled Daughter, V.W.
                        Executive Woods
                        Five Palisades Drive, Suite 300
                        Albany, NY 12205
                        Tel. (518) 438-9907
                        Fax (518) 438-9914

Dated:  September 2, 2014

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS .................................................................................... 1

ARGUMENT ......................................................................................................... 4
      A.    Likelihood of Success ............................................................... 4
      B.    Plaintiffs will Suffer Irreparable Harm if Relief is not Granted .......... 6
      C.    The Balance of Equities Tip in Favor of Plaintiffs ....................... 7

CONCLUSION ................................................................................................. 8

## PRELIMINARY STATEMENT

Plaintiffs Scott and Virginia Walsh, individually and on behalf of V.W., a child with a disability, move for a temporary restraining order ("TRO") and preliminary injunction seeking to enjoin Defendant Bates and/or the New York State Office of State Review from issuing a decision in the District's Petition currently pending before Defendant Bates and/or the New York State Office of State Review, enjoin Defendant District from its failure to comply with IHO Wolman's Decision and Order providing all relief awarded to Plaintiffs and to order Defendant District to immediately place Plaintiff V.W. at the Riverview School. Plaintiffs make this motion to secure placement of V.W. at the Riverview School for the impending 2014-2015 school year pursuant to the IHO's Decision and Order and award of relief and to prevent the SRO from expeditiously and hastily deciding Defendant District's appeal, retaliating against Plaintiffs making the instant litigation moot.

## STATEMENT OF FACTS

V.W. is a multiply disabled student with an extensive history of global developmental delays. V.W. was initially diagnosed with FG syndrome, a diagnosis later called into question, but she displays many of the physical anomalies associated with the disorder. V.W.'s date of birth is December 16, 1997. V.W. is 16 ½ years old and is in an ungraded curriculum but chronologically should be entering the 10th grade. V.W. is set to attend the Shenendehowa Central School District ("District") for the 2014-2015 school year. *See* Affirmation of Kenneth S. Ritzenberg, dated September 2, 2014 ("Ritzenberg Aff."), at ¶2-4; Affidavit of Virginia Walsh, dated September 2, 2014 ("Walsh Aff."), at ¶3-7.

V.W. has made little or no academic progress in the programs proffered by the District and, additionally, her social skills have diminished while in the District's programs. Based on its

1

many failures, the District has denied Plaintiffs' procedural rights to the extent that it has had a substantial impact on her substantive due process rights denying her the free appropriate public education ("FAPE") to which she is entitled. The District's failures have resulted in a gross denial of educational opportunities, a history of discrimination against this disabled student and has resulted in significant educational damage to V.W. in violation of the IDEA and Section 504. Based on V.W.'s complex needs, a residential program, as found to be appropriate by Impartial Hearing Officer Mindy Wolman, is absolutely necessary. The Riverview School program in East Sandwich, Massachusetts has been determined to be an appropriate program for V.W. and one from which V.W. would benefit. *See* Ritzenberg Aff., at ¶5-7, 18-19 and Walsh Affidavit at ¶15, 18-47.

As a result of the District's failures, Plaintiffs challenged the District's educational program for V.W. for part of the 2010-2011 and the entire 2011-2012, 2012-2013 and 2013-2014 school years. On or about December 21, 2012, Plaintiffs filed and served their Demand for Due Process Hearing ("DDP") pursuant to the Individuals with Disabilities Education Act, as amended 20 U.S.C. § 1400 et seq. ("IDEA") and the Regulations promulgated thereby at 34 CFR Part 300, Article 89 of the New York State Education Law § 4401 et seq. (Article 89) and the Regulations promulgated thereby at 8 NYCRR Part 200 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and the Regulations promulgated thereby at 34 CFR Part 104. Among other things, Plaintiffs' DDP requested a determination from the formally appointed New York State Impartial Hearing Officer ("IHO") that the child, V.W., is entitled to an appropriate education and in order to receive such must be immediately placed in the Riverview School. *See* Ritzenberg Aff., at ¶8-10, 12.

2

A hearing was held before Impartial Hearing Officer ("IHO") Mindy Wolman on June 10, 11, 12, 13, July 8, 9 and 30, 2013. IHO Wolman issued a thorough and well-reasoned decision and ultimately found in favor of Plaintiffs and directed the District to immediately place V.W. in the Riverview School residential program and fund placement for the 2013-2014 school year and directed the District to reimburse Plaintiffs for tuition costs for V.W.'s placement at the Riverview School during the Summer of 2013, among other things. However, V.W. was not placed at the Riverview School for the 2013-2014 school year and Plaintiffs did not receive any reimbursement from the District or the additional related services so necessary for V.W. in order for her to benefit from the educational opportunities afforded her. *See* Ritzenberg Aff., at ¶14, 17-20. Similarly, V.W. has not been placed at the Riverview School for the 2014-2015 school year. *See* Ritzenberg Aff., at ¶36; Walsh Aff., at ¶5-7.

On or about January 21, 2014, the District appealed the IHO's decision to the New York State Review Officer ("SRO") and on or about January 31, 2014, Plaintiffs filed and served an Answer and Cross-Appeal and Memorandum of Law to the SRO. The SRO has not rendered a decision on the District's Petition and V.W. continues to suffer in the, District's placement and program. *See* Ritzenberg Aff., at ¶21-22, 35.

To date, V.W. has not been placed at the Riverview School, as directed by the IHO. To date, Plaintiffs have not received tuition reimbursement or any other relief afforded by the IHO. *See* Ritzenberg Aff., at ¶36-37; Walsh Aff., at ¶7-8. The District's 2014-2015 school year begins on or about September 3, 2014. *See* Walsh Aff., at ¶15. V.W. is to begin attending Shenendehowa High School East, a District school on September 3, 2014. *See* Walsh Aff., at ¶6.

3

## ARGUMENT

A plaintiff seeking a preliminary injunction, generally, "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010); *see Donhauser v. Goord*, 314 F.Supp.2d 139, 140 (N.D.N.Y. 2004).

### A. Likelihood of Success

IDEA's purpose is to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designated to meet their unique needs and prepare them for further education, employment and independent living" and "ensure that the rights of children with disabilities and their parents are protected." *See* 34 CFR § 300.1(a), (b). In order to ensure the protection of these goals, IDEA provides procedures for a parent to request an impartial due process hearing relating to the identification, evaluation or educational placement of a child with a disability, or the provision of a free appropriate public education (referred to as "FAPE") to the child.

Under IDEA, each State may elect to conduct impartial hearings at the state level (a "one-tier state") or to conduct the impartial hearings by an impartial hearing officer ("IHO") at the local educational agency level with the right to a state-level review of the IHO's decision (a "two-tier state"). *See* 20 U.S.C. § 1415(f), (g). New York State is a "two-tier state" and the state-level review is conducted by a State Review Officer ("SRO") employed by the New York State Education Department.

4

Pursuant to federal regulations, in a two-tier state, "[t]he [state educational agency] must ensure that not later than 30 days after the receipt of a request for a review....(1) [a] final decision is reached in the review; and (2) [a] copy of the decision is mailed to each of the parties." 34 CFR § 300.515(b). The New York State implementing regulations similarly provide that "[t]he State review officer must ensure that, not later than 30 days after the receipt of a request for a review, a final decision is reached and a copy of the written decision, or at the option of the parents, electronic findings of fact and the decisions, is mailed to each of the parties, except that a State review officer may grant specific extensions of time beyond the periods set out in this paragraph at the request of either party. The reason for the extension must be documented in the record." 8 N.Y.C.R.R. § 200.5(k)(2).

The SRO currently has a backlog of undecided cases, some of which have been pending for 1-2 years. *See* Ritzenberg Aff., at ¶26-34. NYSED has admitted that the SRO is not in compliance with the requirement that a decision be issued within thirty (30) days. *See* Ritzenberg Aff., at ¶29-30. According to NYSED, the SRO has not been in compliance with the 30-day requirement since April 2012. *See* Ritzenberg Aff., at ¶28-30. As of the date of this motion, the SRO has not rendered a decision concerning the Defendant District's appeal of the IHO decision in favor of and awarding relief to Plaintiffs. *See* Ritzenberg Aff., at ¶35. As such, Defendants King and Bates are in violation of IDEA and New York State Education Law, and the respective implementing regulations, for failing to render a decision in regard to Defendant District's appeal within 30 days and have denied relief to Plaintiffs and Defendant District. Further, Defendants King and Bates have violated Plaintiffs' procedural and substantive due process rights under IDEA by failing to comply with the federal and State Regulations and failure to provide a decision within 30 days. As such, V.W. continues to suffer immense harm in

5

the District's programs that have not provided her the educational benefits to which she is entitled by State and federal law.

The Defendant District has violated Plaintiffs' procedural and substantive due process rights under IDEA by failing to provide V.W. a free appropriate public education ("FAPE") for part of the 2010-2011 and the entire 2011-2012, 2012-2013 and 2013-2014 school years. As concluded in the well-reasoned decision by IHO Wolman, Defendant District has failed to provide V.W. a FAPE and, thus, has violated Plaintiffs' federal and State rights as provided by IDEA and the New York State Education Law. IHO Wolman's Decision and Order demonstrates that Plaintiffs have sufficient likelihood of success on the merits regarding the District's violation of Plaintiffs' rights. In addition, the Defendant District has failed to comply with the IHO Decision and Order and has denied Plaintiffs the relief awarded by the IHO. The District's refusal to comply with the IHO's Decision and Order constitutes a continuing violation of V.W.'s procedural and substantive due process rights. As such, Defendant District is in violation of the IHO Decision and Plaintiffs are entitled to relief. Based on the foregoing, Plaintiffs have demonstrated a clear likelihood of success on the merits and are entitled to a TRO and preliminary injunction.

### B. Plaintiffs will Suffer Irreparable Harm if Relief is not Granted

V.W. is 16 1/2 years old and chronologically should be entering the 10th grade. Because of her age, V.W. has a limited amount of time to obtain education through the public education system. V.W. has already suffered irreparable harm due to the District's failures to provide V.W. the related services she so desperately needs and the inappropriate educational program and placement provided by the District to V.W. *See* Walsh Aff., at ¶9-15.

6

V.W. is in desperate need of an appropriate educational program and related services that meet her needs. If V.W. is not immediately enrolled in the Riverview School program, as directed by the IHO, she will continue to stagnate academically, regress socially and miss out on skills development leading her to suffer irreparable harm in the District's inappropriate program. *See* Walsh Aff., at ¶12-13. If she is not immediately placed at the Riverview School, V.W.'s social skills, speech skills, reading skills and motor skills will continue to decline in the District's program.

Because of V.W.'s age[1], she has an extraordinarily limited amount of time to "make-up" the services, skills and benefits to which she is entitled. *See* Walsh Aff., at ¶9, 14. As found by IHO Wolman, the Riverview School is an appropriate placement and V.W. should be enrolled in the Riverview School immediately and for the entirety of the upcoming 2014-2015 school year. *See* Walsh Aff., at ¶15, 18-48; Ritzenberg Aff., Ex. G, H, *IHO Decisions*. V.W. cannot wait an entire year for an SRO Decision more or less the three years NYSED is requesting to get to its backlog of cases. The 2014-2015 school year begins on September 3, 2014. *See* Walsh Aff., at ¶5, 10, 16-17; Ritzenberg Aff., ¶30-34. As such, Plaintiffs will suffer irreparable and immediate injury if V.W. is not immediately placed in the Riverview School for the 2014-2015 school year and relief awarded by the IHO is not provided by the District.

### C. The Balance of Equities Tip in Favor of Plaintiffs

Plaintiffs fully complied with federal and State laws and regulations and pursued their claims as mandated by these laws. *See* Ritzenberg Aff., Ex. A, *DDP*; Ex. C, *Amended DDP*. Plaintiffs hired an attorney, filed and served a demand for due process hearing, argued their case before the IHO in a seven (7) day hearing, submitted a comprehensive post-hearing

---

[1] A disabled student is only entitled to public education through the end of school year in which they turn 21 years of age [New York Education Law §§3202, 4401; 8 N.Y.C.R.R. §200.1(22)]. In V.W.'s case this will be the fast approaching 2018-2019 school year.

7

Memorandum of Law and awaited a decision from the IHO. *See* Ritzenberg Aff., at ¶8-10, 12, 14-15, 17. Plaintiffs' DDP was initially filed in December 2012 – nearly two years ago. *See* Ritzenberg Aff., at ¶9. Thereafter, Plaintiffs waited one year for a decision from the IHO. *See* Ritzenberg Aff., at ¶17-18. As a result of zealous pursuit of their claims, Plaintiffs were awarded relief by the IHO. *See* Ritzenberg Aff., Ex. G, H, *IHO Decisions*. Thereafter, Plaintiffs responded to Defendant District's appeal to the SRO with similar fervor. *See* Ritzenberg Aff., at ¶22, 25. Despite Plaintiffs' compliance with the applicable laws and regulations, they have not been provided the relief awarded by the IHO. *See* Ritzenberg Aff., at ¶20, 36-37; Walsh Aff., at ¶6-8. Despite their best efforts, Plaintiffs are still waiting for a resolution of this matter while a disabled student's educational time is squandered by the District. *See* Ritzenberg Aff., at ¶35. In the meantime, V.W. is losing precious time while placed in an inappropriate educational setting by the District. *See* Walsh Aff., at ¶9-15. Plaintiffs merely desire to obtain the relief awarded by the IHO, particularly the awarded placement at the Riverview School for the 2014-2015 school year. As such, the equities tip in favor of Plaintiffs and the instant motion should be granted.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court grant the motion for TRO and preliminary injunction enjoining Defendant Bates and/or the New York State Office of State Review from issuing a decision in the District's Petition currently pending before Defendant Bates and/or the New York State Office of State Review, enjoining Defendant District from its refusal to comply with IHO Wolman's Decision and Order, find IHO Wolman's Decision and Order to be final, provide all relief awarded to Plaintiffs and order Defendant, the NYSED and the District, to immediately place Plaintiff V.W. at the Riverview School. Should

the District thereafter choose to appeal this matter to this Court, IHO Wolman's Decision and Order must be deemed the "pendency/stay put" placement.

Dated: September 2, 2014
      Albany, New York

                                     Respectfully submitted,

                                     Kenneth S. Ritzenberg, Esq.
                                     Bar Roll No. 505277
                                     Young Sommer Ward Ritzenberg
                                     Baker & Moore LLC
                                     5 Palisades Drive, Suite 300
                                     Albany, New York 12205
                                     (518) 438-9907 (telephone)
                                     (518) 439-9914 (fax)