UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT AND VIRGINIA WALSH, individually and
on behalf of V.W., a child with a disability,

                                   Plaintiffs,

-   against —

DR. JOHN B. KING, JR., as Commissioner of Education
of the New York State Education Department,
JUSTYN P. BATES, as State Review Officer, and the BOARD
OF EDUCATION of the SHENENDEHOWA CENTRAL
SCHOOL DISTRICT,

                                   Defendants.

---

**AFFIDAVIT OF
VIRGINIA WALSH**

Civil Case #: 1:14-CV- 1078
(LEK/RFT)

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ALBANY     )

VIRGINIA WALSH being duly sworn, deposes and says:

1.    I am a party to the above referenced action.  I make this affidavit based upon personal knowledge, unless otherwise stated, and as to those matters I believe them to be true.  I submit this affidavit in support of Plaintiffs' motion for a temporary restraining order ("TRO") and preliminary injunction.

2.    I am a resident of Saratoga County in the State of New York.

3.    My husband and I reside within the territorial jurisdiction of Defendant the Shenendehowa Central School District ("District").

4.    I am the parent of V.W., a child with a disability.

5.    The District's 2014-2015 school year begins on or about September 3, 2014.

1

6.     As of today's date, V.W. is to begin attending Shenendehowa High School East, a District school, on September 3, 2014.

7.     V.W. was not placed by the District in the Riverview School for the 2013-2014 school year, as directed by the Impartial Hearing Officer ("IHO") Mindy Wolman's Decision and Order, dated December 13, 2013 and corrected on December 18, 2013.

8.     In addition, the District has not provided any of the relief awarded, including related services very much needed by V.W., in IHO Wolman's decision.

### Irreparable Harm to Plaintiffs

9.     V.W. is 16 1/2 years old and chronologically should be entering the 10th grade.

10.    Because of her age, V.W. has a limited amount of time to obtain education through the public education system.

11.    V.W. has already suffered irreparable harm due to the District's failures to provide V.W. the related services she so desperately needs and its failure to provide an appropriate educational program to V.W.

12.    V.W. is in desperate need of an appropriate educational program and related services that meet her needs.

13.    If V.W. is not immediately enrolled in the Riverview School program, as directed by the IHO, she will continue to stagnate academically, regress socially and miss out on any skills development leading her to suffer irreparable harm in the District's inappropriate placement and program.

14.    In addition, because of V.W.'s age, she has an extraordinarily limited amount of time to "make-up" the services, skills and benefits to which she is entitled.

15.     As found by IHO Wolman, the Riverview School is an appropriate placement and V.W. should be enrolled in the Riverview School immediately and for the entirety of the upcoming 2014-2015 school year.

16.     I attended the public hearing on July 16, 2014 regarding whether NYSED should enter into a Compliance Agreement with the United States Department of Education because the New York State Review Officer ("SRO") has a large backlog of undecided cases, including an appeal by Defendant District regarding V.W. and IHO Wolman's Decision and Order.

17.     V.W. cannot wait an entire year for an SRO Decision more or less the three years that the New York State Education Department ("NYSED") is requesting to get to its backlog of cases.

### V.W.'s Success at the Riverview School

18.     V.W. has made de minimus progress in her academic skills or therapeutic areas of need in all the years she has been in the District's programs and placements.

19.     V.W. attended the Riverview School Summer Program (hereinafter "Riverview Summer Program"), beginning on July 7, 2013.  The program ran from July 2013-August 2013.

20.     During her time in the Riverview School, V.W. developed her skills and demonstrated marked gains in each area addressed.

21.     V.W. has not received adequate physical therapy through the District.

22.     V.W. received strengthening exercises at Riverview and benefitted for these exercises.  For example, after attending the Riverview program, V.W.'s balance improved.

23.     V.W.'s reading skills were still at the first grade level after many years of District programming.

24.     After attending the Riverview Summer Program, V.W. was interested in new and different topics and reading material.   V.W. also asked many more questions about her observations of the world around her and exhibited curiosity and interest.

25.     After attending the Riverview Summer Program, I observed that V.W. had a love for reading.   VW was excited to read at night when she first came home from the Riverview program.

26.     V.W. has not received appropriate and/or adequate speech therapy from the District.

27.     After attending the Riverview Summer Program, V.W.'s conversational skills improved tremendously.   V.W. was unhindered in conversation and was more comfortable speaking and expressing herself.

28.     V.W.'s vocabulary increased and she used new words appropriately.   She also had improved articulation.

29.     When V.W. first returned from the Riverview Summer Program, she had telephone conversations with friends from Riverview.   Her speech on the telephone improved and she was comfortable speaking with a variety of topics on the phone.

30.     Since returning to the District's program in September 2013, and its limited speech therapy offerings to V.W., V.W. has difficulty carrying on a conversation and demonstrates a general regression in her speech skills.

31.     V.W.'s social skill deficits and social isolation have not been adequately addressed by the District.

32.     Before attending the Riverview Summer Program, V.W. was socially isolated. V.W. was very discouraged and sad because she didn't have any friends.

4

33.   Before attending the Riverview Summer Program, V.W. watched a lot of TV and would play on the computer often because she didn't have friends to play with and because she did not have opportunities for social interaction with peers.

34.   While at the Riverview Summer Program, V.W. was in a dorm with approximately eight (8) other students.  V.W. had a roommate.

35.   After the Riverview Summer Program, V.W. exhibited a sense of freedom and was able to be the person she truly is.  V.W. grew socially and was content and confident.

36.   Upon information and belief, while at Riverview, V.W. did not watch TV (other than an occasional movie) and was provided with a wealth of social activities.

37.   V.W. has not been integrated into extracurricular activities in the District and has not been afforded the support and accommodations she needs in order to participate in such activities.

38.   While at Riverview, V.W. lost approximately 20lbs due to activities provided at Riverview and exercise opportunities.

39.   In the first 3-4 weeks after the Riverview Summer Program, V.W. was independent at home, she was more excited about getting involved in activities at home and she was capable of verbalizing her needs and her emotions (instead of getting emotional and internalizing frustration).

40.   Because of the Riverview Summer Program, V.W. has a friend.  They have a healthy relationship that they have maintained since V.W. left Riverview.  They speak regularly on the telephone and see each another occasionally.

41.     Since returning to the District's program, V.W. eats frequently and watches much TV.  V.W. is less active and is uninterested in activities.  V.W. often says to me "I want be with somebody. I want to go play with somebody.  I don't have any friends."

42.     V.W. has not received the assistive technology support she needs while in the District's programs.

43.     Prior to attending the Riverview Summer Program, V.W. had trouble typing, particularly with key usage and visual aspects of using a computer.

44.     During the Riverview Summer Program, V.W. learned how to e-mail friends; she learned to compose letters and respond appropriately in writing and I received e-mails from her.

45.     Computer skills, which have not been addressed by the District, are one of V.W.'s strengths and V.W. was able to develop her skills during the Riverview Summer Program.

46.     After she attended the Riverview Summer Program, I observed a huge improvement in V.W.'s keyboarding skills and appropriate hand placement.  In addition, V.W. learned to print the correct number of copies and developed the skills to determine what to print and when printing is appropriate.

47.     V.W.'s success is dependent on a proper educational placement.  The Riverview School is an appropriate educational program for V.W. and will provide her educational and social benefits she does not receive in District programs.

48.     The District has offered essentially the same inappropriate program for the imminent 2014-2015 school year.

49.     Because of V.W.'s needs and the limited amount of time in which she may receive educational services, I respectfully request that this Court grant Plaintiffs' motion for a

TRO and preliminary injunction and Order that the District comply with each and every one of

IHO Wolman's Orders.

Virginia Walsh

Sworn to before me
this 2nd day of September, 2014

Notary Public

TRACY J. POOLE
Notary Public, State of New York
No. 01PO6036309
Qualified in Albany County
Commission Expires 1/24/2018

7