UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT AND VIRGINIA WALSH, individually and
on behalf of V.W., a child with a disability,

                          Plaintiffs,

- against –

DR. JOHN B. KING, JR., as Commissioner of Education
of the New York State Education Department,
JUSTYN P. BATES, as State Review Officer, and the BOARD
OF EDUCATION of the SHENENDEHOWA CENTRAL
SCHOOL DISTRICT,

                          Defendants.

**AFFIRMATION OF KENNETH S. RITZENBERG, ESQ.**
Civil Case #: 1:14-CV-1078 (LEK/RFT)

---

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF ALBANY    )

       KENNETH S. RITZENBERG, ESQ., affirms under penalty of perjury and states as follows:

       1.    I am a partner in the law firm of YOUNG, SOMMER, WARD, RITZENBERG, BAKER & MOORE, LLC, attorneys for the Plaintiffs Scott and Virginia Walsh and their daughter, Victoria Walsh ("V.W."), collectively referred to as "Plaintiffs". The Plaintiffs are longstanding clients of mine and I conducted the impartial hearing on their behalf in this matter. I make this affirmation of my own personal knowledge in support of Plaintiffs' motion for a temporary restraining order ("TRO") and preliminary injunction, and unless otherwise stated as upon information and belief, as to those matters I believe them to be true.

       2.    V.W. is a multiply disabled student with an extensive history of global developmental delays. V.W. was initially diagnosed with FG syndrome, a diagnosis later called into question, but she displays many of the physical anomalies associated with the disorder.

3. V.W.'s date of birth is December 16, 1997. As of the date of this Affirmation, V.W. is sixteen (16) years old and is in an ungraded curriculum but chronologically should entering the 10th grade.

4. V.W. attends school in the district of Defendant the Shenendehowa Central School District ("District").

5. V.W. has made little or no academic progress in the programs and placements proffered by the District and, additionally, her social skills have diminished over time while in the District's programs.

6. Based on its many failures, the District has denied Plaintiffs' their procedural rights, to the extent that these denials have had a substantial impact on her substantive due process rights denying her the free appropriate public education ("FAPE") to which she is entitled. The District's failures have resulted in a gross denial of educational opportunities and have resulted in significant educational damage to V.W. in violation of the Individuals with Disabilities Education Act ("IDEA"), Article 89 of the NYS Education Law and Section 504 of the Rehabilitation Act.

7. Based on V.W.'s complex needs, a residential program is essential. The Riverview School program in East Sandwich, Massachusetts has been determined to be an appropriate program for V.W. and one from which V.W. would benefit.

8. As a result of the District's failures, Plaintiffs challenged the District's educational program for V.W. for the 2010-2011, 2011-2012 and 2012-2013 school years through the mandated administrative remedies.

9. On or about December 21, 2012, Plaintiffs filed and served their Demand for Due Process Hearing ("DDP") pursuant to the Individuals with Disabilities Education Act, as

amended 20 U.S.C. § 1400 et seq. ("IDEA") and the Regulations promulgated thereby at 34 CFR Part 300, Article 89 of the New York State Education Law § 4401 et seq. (Article 89) and the Regulations promulgated thereby at 8 NYCRR Part 200 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and the Regulations promulgated thereby at 34 CFR Part 104. Plaintiffs' DDP is attached hereto as **Exhibit "A"**.

10. Among other things, Plaintiffs' DDP requested a determination from the formally appointed New York State Impartial Hearing Officer ("IHO") that the child, V.W., be entitled to an appropriate education and, in order to receive such, be immediately placed in the Riverview School.

11. On or about January 7, 2013, the District answered Plaintiffs' DDP. The District's Answer is attached hereto as **Exhibit "B"**.

12. On or about May 29, 2013, Plaintiffs' filed and served an Amended DDP. Plaintiffs' Amended DDP which likewise called into question the appropriateness of the District's proffered Individualized Education Program for the 2013-2014 school year. The Amended DDP is attached hereto as **Exhibit "C"**.

13. On or about June 7, 2013, the District answered Plaintiffs' Amended DDP. The District's Answer to the Amended DDP is attached hereto as **Exhibit "D"**.

14. A hearing was held before IHO Mindy Wolman on June 10, 11, 12, 13, July 8, 9 and 30, 2013.

15. Thereafter, on or about October 28, 2013, Plaintiffs submitted a post-hearing Memorandum of Law to IHO Wolman. Plaintiffs' post-hearing Memorandum of Law is attached hereto as **Exhibit "E"**.

16. The District similarly submitted a post-hearing Memorandum of Law on or about October 28, 2013. The District's post-hearing Memorandum of Law is attached hereto as **Exhibit "F"**.

17. Thereafter, IHO Wolman issued a decision dated December 13, 2013. The IHO Decision is attached hereto as **Exhibit "G"**.

18. IHO Wolman issued a thorough and well-reasoned corrected Decision dated December 18, 2013. The IHO Decision is attached hereto as **Exhibit "H"**.

19. IHO Wolman's Decision, inter alia, directed the District to immediately place V.W. in the Riverview School residential program and fund such placement for the 2013-2014 school year and directed the District to reimburse Plaintiffs for tuition costs for V.W.'s placement at the Riverview School during the Summer of 2013. *See* Ex. H, *IHO Decision*.

20. The District ignored IHO Wolman's Decision and Order. As a result, V.W. was not placed at the Riverview School for the 2013-2014 school year and continued to suffer in the educational placement of the District and Plaintiffs did not receive any reimbursement from the District nor the additional services ordered by IHO Wolman.

21. On or about January 21, 2014, the District appealed the IHO's Decision to the New York State Review Officer ("SRO"). The District's Notice of Petition, Petition and Memorandum of Law to the SRO constitutes the District's appeal and is attached hereto as **Exhibit "I"**.

22. On or about January 31, 2014, Plaintiffs filed and served an Answer and Cross-Appeal and Memorandum of Law to the SRO, along with Affidavits from Riverview School personnel Lauren Kalita, Renee Czaplicki and Mary Beth Thacher, and an Affidavit of Virginia Walsh (one of the Plaintiffs, herein, and V.W.'s mother), sent by letter to the SRO. These papers

constitute Plaintiffs' response to the District's appeal to the SRO and are attached hereto as **Exhibit "J"**.

23. On or about February 3, 2014, the District submitted a response to Plaintiffs' request to submit additional information. The District's letter submission is attached hereto as **Exhibit "K"**.

24. On or about February 10, 2014, the District filed and served an Answer to Plaintiff's Cross-appeal and filed an Affidavit of Sarah Johnson. The District's Answer to the Cross-Appeal and Affidavit of Sarah Johnson are attached hereto as **Exhibit "L"**.

25. Thereafter, on or about February 19, 2014, Plaintiffs filed and served a Reply to the District's Answer to Cross-Appeal and Response to the District's request to submit additional evidence. Plaintiffs' Reply is attached hereto as **Exhibit "M"**.

## Backlog of Undecided Cases Before the State Review Officer

26. Upon information and belief, the New York State Education Department ("NYSED") and, specifically, the New York State Office of State Review, has a backlog of undecided cases.

27. Upon information and belief, some of these cases have been pending before the State Review Officer ("SRO)" for 1-2 years.

28. On or about March 28, 2014, the United States Department of Education, Office of Special Education Programs ("OSEP") informed NYSED that it is not in compliance with section 615(g) of the Individuals with Disabilities Education Act ("IDEA") and 34 C.F.R. §§ 300.514(b) and 300.515(b). The March 28, 2014 letter from OSEP to NYSED is attached hereto as **Exhibit "N"**.

29. In response, on or about April 9, 2014, NYSED Commissioner John B. King, Jr. (a Defendant, herein) requested NYSED enter into a Compliance Agreement with DOE to resolve NYSED's noncompliance with the IDEA Part B requirement that the SRO issues a decision in an appeal of an IHO's decision within thirty (30) days. The April 9, 2014 letter is attached hereto as **Exhibit "O"**.

30. Upon information and belief, NYSED has admitted that it has not been in compliance with IDEA section 615(g) and 34 C.F.R. § 300.514(b) and 300.515(b) since April 2012. *See* Ex. B, *April 9, 2014 Letter*; *see also* http://www.p12.nysed.gov/specialed/idea/publichearing-July2014.htm (last visited Aug. 28, 2014).

31. According to publicly available information on this issue, "NYSED has stated that it is not able to correct this noncompliance within one year due to the significant and unanticipated increase in the number of appeals of due process hearing decisions under Part B of the IDEA." *See* http://www.p12.nysed.gov/specialed/idea/publichearing-July2014.htm.

32. Upon information and belief, on July 16, 2014, the DOE conducted public hearings to determine whether it should enter into a Compliance Agreement with NYSED.

33. Upon information and belief and based on publicly available information and information provided at the public hearing, NYSED believes that it needs up to three (3) years to come into compliance with IDEA and address the backlog of cases.

34. As of July 2014, there are 219 appeals pending before the SRO, according to information posted by NYSED. *See* http://www.sro.nysed.gov/appeal-status.html (last visited Aug. 28, 2014). A copy of the chart prepared and posted by NYSED is attached hereto as **Exhibit "P"**.

### Parties' Current Status

6

35. In V.W.'s case, the SRO has totally abrogated his/her obligation to render any decision within 30 days and in fact has not rendered any decision at all on the District's Petition.

36. To date, V.W. continues to suffer irreparable educational harm in the District's program and placement and has not been placed at the Riverview School, as directed by the IHO.

37. To date, Plaintiffs have not received tuition reimbursement or the necessary related services or any other relief ordered to by the IHO.

38. Based on the foregoing, I respectfully request that the Court grant Plaintiffs' motion for a TRO and preliminary injunction and order that the District comply with each and every one of IHO Wolman's Orders as directed in her Decision dated December 18, 2013, **Exhibit "H"** herein.

Dated: September 2, 2014
Albany, New York

YOUNG/SOMMER LLC

_____
KENNETH S. RITZENBERG, ESQ.
Bar Roll No. 505277
*Attorney for Plaintiffs*
Executive Woods
5 Palisades Drive, Ste. 300
Albany, NY 12205
Telephone: (518) 438-9907
Facsimile: (518) 438-9914