UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT AND VIRGINIA WALSH, individually and
on behalf of V.W., a child with a disability,

                    Plaintiffs,

      -against-

DR. JOHN B. KING, JR., as Commissioner of Education
of the New York State Education Department,
JUSTYN P. BATES, as State Review Officer, and the
BOARD OF EDUCATION of the SHENENDEHOWA
CENTRAL SCHOOL DISTRICT,

                    Defendants.

AFFIRMATION IN OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO F.R.C.P. 65

Civil Case No.
1:14-CV-1078 (LEK/RFT)

STATE OF NEW YORK  )
COUNTY OF ONONDAGA ) *ss.:*

      SUSAN T. JOHNS, being duly sworn, affirms that:

      1.    I am a shareholder in the law firm of Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C., attorneys for the Defendant Board of Education of the Shenendehowa Central School District (the "District"). I am duly admitted to practice before the courts of this State, including the U.S. District Court for the Northern District of New York. I make this Affirmation in opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction.

      2.    Plaintiffs contend that either they are likely to succeed on the merits of the appeal to the State Review Officer of the New York State Education Department or there are sufficiently serious questions going to the merits and the balance of hardships tips decidedly in their favor. As set forth in the District's Memorandum of Law in opposition to Plaintiffs' motion, Plaintiffs misstate the legal standard; they must show that they have a clear and significant likelihood of success (as well as irreparable harm) in order to prevail.

3. However, regardless of the test to be applied to determine whether Plaintiffs are entitled to the relief they seek, Plaintiffs rely solely on the decision of the IHO to support their claim that they ultimately may succeed before the SRO. (Plaintiffs' <u>Memorandum of Law</u>, p.6)

4. There is no presumption that the IHO's decision will be upheld. In fact, a review of the reported cases available through the SRO's website indicates that, of the 19 decisions rendered regarding appeals filed in 2014, 9 were annulled in whole or in part and 3 were remanded to the IHO; of the 102 decisions rendered from appeals filed in 2013, 32 were annulled completely, 28 were annulled in part, and 1 was remanded. Statistically, it is more likely than not that the IHO's decision will *not* be upheld.

5. It is my personal experience that the IHO herein previously has been overturned by the SRO.

6. As set forth in the Affidavit of Jill Barker, Plaintiffs' daughter has benefitted from her education at the District's schools. She made meaningful progress during the 2013-2014 school year, was successful in the 2014 summer program, and is likely to continue to make meaningful progress during the 2014-2015 school year. Plaintiffs did not challenge the October 2013 IEP for V.W. and, as of this date, have not challenged the May 2014 IEP. There is no hardship to Plaintiffs. (At 3:58 p.m. this afternoon, I received an emailed "shared file" which I could not readily open. When opened, it appeared to be a due process complaint regarding the May 2014 IEP . It represented that it was being served upon the District by Federal Express. At this time, it has not been received by the District. As I have indicated to Plaintiffs' counsel, and as he acknowledged in his September 5, 2014 letter to the Court, I am not authorized to accept service and, therefore, am not willing to accept service on behalf of the Board of Education. In

2

any event, Plaintiffs' filing of the Due Process Complaint months after the IEP was developed, and after its implementation has begun, is an obvious maneuver for the purpose of this motion.)

7. The District shares Plaintiffs' concern that the SRO has not yet issued a decision on the parties' appeals. However, the SRO is a party hereto. It is respectfully submitted that the appropriate remedy is an order that the SRO issue the decision in a timely manner, not to enjoin the SRO from performing his statutorily required functions. The proper remedy is not to by-pass both the administrative and judicial appeal processes set forth in the Individuals with Disabilities Education Act and Section 4404 of the New York State Education Law and award Plaintiffs the ultimate relief they seek.

8. Based on the foregoing, as well as the Affidavit of Jill Barker and the District's Memorandum of Law submitted herein, it is respectfully requested that Plaintiffs' motion be denied, with costs to the Defendants.

Respectfully submitted,

Susan T. Johns, Esq.
FERRARA, FIORENZA, LARRISON,
BARRETT & REITZ, P.C.
Bar Roll No. 103052
*Attorneys for Defendant Shenendehowa Central School District*
5010 Campuswood Drive
East Syracuse, New York 13057
(315) 437-7600
stjohns@ferrarafirm.com