UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT AND VIRGINIA WALSH, individually and
on behalf of V.W., a child with a disability,

Plaintiffs,

**AFFIRMATION IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION**
Civil Case #: 1:14-CV-1078 (LEK/RFT)

-   against –

DR. JOHN B. KING, JR., as Commissioner of Education
of the New York State Education Department,
JUSTYN P. BATES, as State Review Officer, and the BOARD
OF EDUCATION of the SHENENDEHOWA CENTRAL
SCHOOL DISTRICT,

Defendants.

---

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ALBANY     )

KENNETH S. RITZENBERG, ESQ., affirms under penalty of perjury and states as follows:

1.  I am a partner in the law firm of YOUNG, SOMMER, WARD, RITZENBERG, BAKER & MOORE, LLC, attorneys for the Plaintiffs Scott and Virginia Walsh and their disabled daughter, V.W., collectively referred to as "Plaintiffs". I am duly admitted to practice before the Courts of this State, including the U.S. District Court for the Northern District of New York. I make this Affirmation in Reply to Defendants' Opposition for Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

2.  It is long standing law that the Individuals with Disabilities Education Act ("IDEA") exhaustion requirement is not to be applied inflexibly and exhaustion is not necessary in certain circumstances.

1

3.     Herein, Plaintiffs have shown that requiring further exhaustion at the Administrative Level would be futile and, therefore, failure to exhaust may be judicially excused.

4.     The United States District Court for the Western District of New York has clearly stated that "it strains logic to say that plaintiffs have not exhausted their administrative remedies when defendant appealed from a decision averse to it, and a timely decision on the appeal has not been forthcoming." *Sabatini v. Corning-Painted Post Area School District*, 78 F.Supp.2d 138 (W.D.N.Y. 1999).   Therefore, Plaintiffs' claims should not be barred for failure to exhaust administrative remedies or penalized for the New York State Defendants' failure to comply with federal and State law and issue a timely decision.

5.     Where Plaintiffs have waited over 7 ½ months, and the State Attorney General repeats that on March 28, 2014 there were "238 overdue Office of State Review Decisions, with at least one decision being 412 days overdue", it is clearly futile when Plaintiffs herein have absolutely no control regarding when the SRO might render a decision.   *See* NYSED's Memorandum of Law, at p.2.

6.     The last pleadings to the State Review Officer ("SRO") in this matter were filed on February 19, 2014.

7.     At the time when the SRO should have rendered a decision in this matter, the United States Department of Education and the New York State Education Department were in discussions regarding a compliance agreement based upon New York State's failure to comply with §615(g) of the IDEA (20 U.S.C.§1415(g)) and 34 CFR §§300.514(b) and 300.515(b).

8.     In part, Plaintiffs awaited an outcome of the compliance negotiations prior to filing this Request for Injunctive Relief.

9.      In their response papers, neither the Commissioner of Education of the New York State Education Department nor the State Review Officer make any representation that an SRO's Decision in the Defendant District's appeal in this matter is imminent.

10.      Inordinate delays in the decision making process deprives V.W. of her rights under the IDEA and causes her irreparable harm. *Schmelzer ex. rel. Schmelzer v. New York*, 363 F.Supp.2d 453 (EDNY 2003).

11.      IHO Mindy Wolman clearly found irreparable injury when she held that the District failed to offer V.W. a FAPE for the latter part of the 2010-2011 school year and for the entire 2011-2012 and 2012-2013 school years.

12.      IHO Wolman went on to find that the Individualized Education Program ("IEP") proffered for V.W. for the 2013-2014 school year was not appropriate.

13.      In light of the District's failure to appropriately place V.W. and order all of the related services of which she has immediate educational needs, V.W. will continue to suffer irreparable harm in connection with the 2014-2015 school year.

14.      As stated in Virginia Walsh's Affidavit dated September 2, 2014, V.W. continued to suffer during the 2013-2014 school year and that Mrs. Walsh has no reason to believe that V.W. will fare any better during the 2014-2015 school year.

15.      On September 8, 2014, a Demand for Due Process was filed with the Shenendehowa Central School District alleging that V.W. had not been offered the free appropriate public education ("FAPE") to which she is entitled for the 2014-2015 school year. In addition to transmitting by overnight delivery, the Demand for Due Process was submitted to the District by fax. A copy of the facsimile transmission of that 12 page Due Process Demand is

appended hereto as **Exhibit A**.  A copy of the Demand for Due Process contesting the District's

2014-2015 educational program for V.W. is appended hereto as **Exhibit B**.

16.     Upon information and belief, Plaintiffs herein are of limited financial means and,

but for placement of V.W., with charitable assistance, at the Riverview School for the summer of

2013, unilateral placement by the Parents is not possible.

17.     There is nothing cited in the NYSED's Memorandum of Law that precludes this

Court from determining that an Impartial Hearing Officer's Decision is a final decision, only that

the New York State Education Department was not permitted by the United States Department of

Education to authorize a class proceeding waiving a State level hearing.

18.     In its April 9, 2014 letter to the United States Department of Education, the New

York State Education Department represented, *inter alia*, "Improvements in the First Tier".  *See*

Affirmation of Kenneth S. Ritzenberg, dated September 2, 2014, Exhibit O.

19.     Upon information and belief, Impartial Hearing Officer ("IHO") Mindy Wolman

is a "first tier" hearing officer and, has been involved in the requisite training provided by the

New York State Education Department and in this case rendered a well-reasoned, thorough

decision.

20.     NYSED, in its April 9, 2014 letter, states that as a result of the IHO training "the

SRO is beginning to receive cases with higher quality decisions rendered by IHOs, which should,

over time, ease the review process because more cases had been appropriately vetted in the first

tier upon well-developed hearing records. *See* Ritzenberg Affirmation, Exhibit O.

21.     The hearing record in this matter was one of those "well-developed hearing

records" as it was held over seven (7) days, with twelve (12) witnesses, resulting in 1,362 pages

of testimony and 105 exhibits, all being thoroughly heard and reviewed by IHO Wolman.

22.     The denial of FAPE over an extended period of time constitutes harm, and the longer that denial continues the more irreparable it becomes.  *Cosgrove v Bd. of Educ. Of Niskayuna Central School District*, 175 F.Supp.2d 375 (NDNY 2001) citing J.B. 990 F.Supp. at 72.

23.     Defendants cannot in good faith rely on the SRO's failure to proffer a decision in a timely manner is a failure to exhaust administrative remedies and at the same time argue that the case between the Parties is moot.

24.     Plaintiffs do not have the financial means for the exorbitant bond requested by the District.  If they did, this would be a tuition reimbursement lawsuit with no need for a request for injunctive relief.


Dated: September 10, 2014
         Albany, New York

**YOUNG/SOMMER LLC**


KENNETH S. RITZENBERG, ESQ.
Bar Roll No. 505277
*Attorney for Plaintiffs*
Executive Woods
5 Palisades Drive, Ste. 300
Albany, NY 12205
Telephone: (518) 438-9907
Facsimile: (518) 438-9914

# EXHIBIT "A"

P. 1

\* \* \* Communication Result Report ( Sep. 8. 2014  3:39PM ) \* \* \*

1}
2}

Date/Time: Sep. 8. 2014  3:35PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 8785 | Memory TX | 3719393 | P. 13 | OK | |

## SENT

```
Reason for error
   E. 1) Hang up or line fail          E. 2) Busy
   E. 3) No answer                     E. 4) No facsimile connection
   E. 5) Exceeded max. E-mail size
```

## FAX TRANSMISSION
### YOUNG/SOMMER LLC
(YOUNG, SOMMER, WARD, RITZENBERG, BAKER & MOORE, LLC)
Executive Woods
5 Palisades Drive
Albany, New York 12205
phone: 518-438-9907
fax: 518-438-9914

TO:       Clerk of the Board of Education of Shenendehowa Central School
          Michelle Mylod, Director of Special Education
          Dr. L. Oliver Robinson, Superintendent

FROM:     Kenneth S. Ritzenberg, Esq.

FAX NO.:  518/371-9393

DATE:     September 8, 2014        NO. OF PAGES:    13
                                      (including cover sheet)

RE:       Walsh v Shenendehowa Central School District

MESSAGE:  _____
          _____
          _____
          _____

COPY TO FOLLOW BY FEDERAL EXPRESS:       YES  x       NO____

If you have any problems with this transmission, please contact Tracy at the above number, Ext. 231.

THIS FACSIMILE TRANSMISSION CONTAINS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) NAMED ABOVE. IF THE READER OF THIS NOTICE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS FACSIMILE TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE CALL US COLLECT IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETURN OF THE DOCUMENT TO US AT NO COST TO YOU. THANK YOU.

# FAX TRANSMISSION

## YOUNG/SOMMER LLC

(YOUNG, SOMMER, WARD, RITZENBERG, BAKER & MOORE, LLC)

**Executive Woods**
**5 Palisades Drive**
**Albany, New York 12205**
**phone: 518-438-9907**
**fax: 518-438-9914**

TO:       Clerk of the Board of Education of Shenendehowa Central School
Michelle Mylod, Director of Special Education
Dr. L. Oliver Robinson, Superintendent

FROM:     Kenneth S. Ritzenberg, Esq.

FAX NO.:   518/371-9393

DATE:     September 8, 2014     NO. OF PAGES:  13
                                        (including cover sheet)

RE:       Walsh v Shenendehowa Central School District

**MESSAGE:**  _____

_____

_____

_____

**COPY TO FOLLOW BY FEDERAL EXPRESS:**    **YES _x_**    **NO ____**

**If you have any problems with this transmission, please contact Tracy at the above number, Ext. 221.**

THIS FACSIMILE TRANSMISSION CONTAINS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) NAMED ON THE TRANSMISSION SHEET.  IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS FACSIMILE TRANSMISSION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE CALL US COLLECT IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETURN OF THE DOCUMENT TO US AT NO COST TO YOU.  THANK YOU.

# EXHIBIT "B"

**FedEx**   Shipment Receipt

**Address Information**

**Ship to:**
District Clerk of the BOE

Shenendehowa Central
School Dist.
5 Chelsea Place
Clifton Park,  NY
12065
US
5188810600

**Ship from:**
Kenneth S. Ritzenberg, Esq.
YOUNG SOMMER LLC
Young/Sommer LLC

5 Palisades Drive
Albany,  NY
12205
US
5184389907

**Shipment Information:**
Tracking no.: 771080615307
Ship date: 09/08/2014
Estimated shipping charges:  0.00

**Package Information**
Pricing option: FedEx Standard Rate
Service type: Priority Overnight
Package type: FedEx Pak
Number of packages: 1
Total weight: 1   LBS
Declared Value: 0.00   USD
Special Services:
Pickup/Drop-off: Use an already scheduled pickup at my location

**Billing Information:**
Bill transportation to: YOUNG SOMMER LLC-419
Your reference:  Walsh 33851.01
P.O. no.:
Invoice no.:
Department no.:

Thank you for shipping online with FedEx ShipManager at fedex.com.

**Please Note**
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details. The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

# Young / Sommer LLC

YOUNG SOMMER WARD RITZENBERG BAKER & MOORE LLC

COUNSELORS AT LAW

EXECUTIVE WOODS, FIVE PALISADES DRIVE, ALBANY, NY 12205
Phone: 518-438-9907 • Fax: 518-438-9914

www.youngsommer.com

JEFFREY S. BAKER
DAVID C. BRENNAN
JOSEPH F. CASTIGLIONE
MICHAEL J. MOORE
JAMES A. MUSCATO II
J. MICHAEL NAUGHTON
ROBERT A. PANASCI
KENNETH S. RITZENBERG
DEAN S. SOMMER
DOUGLAS H. WARD
KEVIN M. YOUNG

LAURA K. BOMYEA
LAUREN L. HUNT
ALLYSON M. PHILLIPS
KRISTIN LAVIOLETTE PRATT
JESSICA R. VIGARS

OF COUNSEL
SUE H.R. ADLER
ELIZABETH M. MORSS
SCOTT P. OLSON
STEPHEN C. PRUDENTE
KRISTIN CARTER ROWE

PARALEGALS
ALLYSSA T. MOODY
AMY S. YOUNG

Writer's Telephone Extension: 230
kritzenberg@youngsommer.com

September 8, 2014

**VIA FEDERAL EXPRESS**
Clerk of Board of Education of the
Shenendehowa Central School District
5 Chelsea Place
Clifton Park, NY 12065

**VIA FEDERAL EXPRESS**
Dr. L. Oliver Robinson, Superintendent
Shenendehowa Central School District
5 Chelsea Place
Clifton Park, NY 12065

**VIA FEDERAL EXPRESS**
Michelle Mylod
Director of Special Education
Shenendehowa Central School District
5 Chelsea Place
Clifton Park, NY 12065

   *Re:*   **Virginia & Scott Walsh o/b/o their Disabled Student, Victoria Walsh /
Demand for Due Process Hearing**

Greetings:

Enclosed for service upon the Shenendehowa Central School District please find a
Demand for Due Process Hearing Notice with regard to the above-referenced matter.

Very truly yours,

Kenneth S. Ritzenberg

KSR/tjp
Enc.
cc:   Virginia & Scott Walsh (w/Enc.)
      Susan T. Johns, Esq. (w/Enc., Via Email)

NYS DEPARTMENT OF EDUCATION
IMPARTIAL HEARING OFFICER

IN THE MATTER OF THE COMPLAINT OF VIRGINIA
AND SCOTT WALSH o/b/o THEIR DISABLED
CHILD, V.W.

<table>
<tr><td>Petitioners,</td><td>**DEMAND FOR DUE**<br>**PROCESS HEARING**</td></tr>
<tr><td>- against –</td><td></td></tr>
</table>

THE BOARD OF EDUCATION OF SHENENDEHOWA
CENTRAL SCHOOL DISTRICT
Respondent

Virginia & Scott Walsh, Parents of a disabled child, V.W., by and through their attorneys, Young, Sommer, Ward, Ritzenberg, Baker & Moore LLC, Kenneth S. Ritzenberg, Esq., of counsel, hereby demand an Impartial Hearing on the basis of allegations as follows:

1. This Demand for Due Process Hearing is brought pursuant to the Individuals with Disabilities Education Act, as amended, 20 U.S.C. 1400 et seq. ("IDEA") and the Regulations promulgated thereby at 34 Part CFR 300, Article 89 of the New York State Education Law §4401 et seq. (Article 89) and the Regulations promulgated thereby at 8NYCRR Part 200 and Section 504 of the Rehabilitation Act of 1973, 29 U.S. C. 794 ("Section 504") and the Regulations promulgated thereby at 34 CFR Part 104.

2. The name of the child is Victoria Walsh ("V.W.").

3. The Parents and V.W. reside at 18 Hillcrest Drive, Ballston Lake, New York 12019 and are thereby residents of the Shenendehowa Central School District ("District").

4. V.W.'s date of birth is December 16, 1997.

5. V.W. is a student with an extensive history of global developmental delays. V.W. was initially diagnosed with FG syndrome, a diagnoses later called into question but she displays many of the physical anomalies associated with that disorder.

6. Since early in her life, V.W. has required services for developmental delays, language delays, motor deficits, attentional and learning problems.

7. In 2004, V.W.'s intellectual abilities were measured to be in the mildly deficient range.

8. In a Neuropsychological Evaluation performed of V.W. in December 2005, it was noted that she struggled with balance, coordination, strength and motor planning as well as showing deficits in both receptive and expressive language skills along with a long-standing history of attention and behavioral regulation difficulties.

9. In an evaluative update conducted by the same Neuropsychologist in October 2009, it was noted that V.W. was experiencing problems with mood and obsessive behaviors, had significant problems with motor functioning and it was again noted that V.W.'s verbal and non-verbal intellectual abilities fell within the mild to moderate range of mental retardation.

10. In a 2012 administration of the WISC-IV IQ test, it was noted that V.W.'s verbal comprehension and perceptual reasoning indices have risen showing that she has academic potential not addressed by the District's programs and placement of V.W.

11. In December of 2007 an outside consultant, Dr. Kate Murray, found that V.W. was working at a first grade reading level as well as a first grade math level.

12. In March of 2008 a District Summary showed that V.W. had very poor community self-sufficiency and personal-social responsibility scores, as well as poor personal adjustment scores.

13. In its 2009-2010 IEP the District significantly cut V.W.'s occupational therapy services without an evaluation and notwithstanding her need for such services.

14. Without any further testing, the District inappropriately eliminated V.W.'s individualized speech language therapy session on November 13, 2009.

15. The District performed speech language testing in March 2010. V.W. scored significantly lower than age mates in the area of language and it was recommended that continued speech services be offered V.W. upon entrance into the middle school.

16. The District's proposed IEP for the 2011-2012 school year did not provide the services needed in order to develop a program from which V.W. would benefit.

17. During the 2011-2012 school year V.W. did not make academic progress.

18. During the 2011-2012 school year V.W.'s reading skills regressed.

19. Sometime in the spring of 2012 the District performed an inappropriate "reevaluation summary".

20. Acknowledging the inappropriateness of its own evaluation the District performed a "reevaluation summary addendum" later in the spring of 2012 which remained an inappropriate and inadequate evaluation of V.W..

21. The District performed a wholly inadequate Occupational Therapy evaluation dated April 18, 2012 and, notwithstanding that "formal testing indicates very low visual motor integration skills", using an inappropriate legal standard the therapist concluded that therapy services were not warranted for V.W..

22. The OT evaluation dated April 2012 is inappropriate and did not adequately test V.W. in the areas of need nor did the evaluator make appropriate recommendations.

23. The District did not propose appropriate programming for the summer of 2012.

24. At Parental insistence, a Neuropsychological Reevaluation was performed on V.W. towards the end of August 2012.

25. Dr. Zuffante's Neuropsychological Reevaluation found that V.W.'s academic skills were well below age and grade level expectations and that her oral reading fluency was at the late first to second grade level.

26. Dr. Zuffante's 2012 Reevaluation found that V.W.'s reading comprehension was at the early first grade level.

27. Dr. Zuffante's 2012 Reevaluation found that V.W.'s written expression ranged from early first grade to early fourth grade level but that spelling was in the borderline range.

28. Dr. Zuffante's 2012 Reevaluation found that V.W.'s math grade equivalent was at the late first to early second grade level.

29. Dr. Zuffante's 2012 Reevaluation found that V.W. has a long-standing history of deficits in the area of visual, perceptual, fine motor and visual motor integration skills.

30. Dr. Zuffante's 2012 Reevaluation found that V.W. has difficulty with visual motor skills.

31. The District received a copy of Dr. Zuffante's Reevaluation and adamantly refused to provide the academic services, related services, accommodations and modifications recommended by Dr. Zuffante.

32. V.W. made little, if any, academic gains during the 2012-2013 school year.

33. During the 2012-2013 school year V.W.'s reading skills declined.

34. The District's CSE proposed an inappropriate summer program for V.W. and, as a result, her Parents placed her in the Riverview School for summer programming for 2013.

35. V.W.'s IEP for the 2013-2014 school year continued to deny her the social skills assistance she needed, denied her the appropriate assistive technology assistance and devices that she needed, continued to deny V.W. an appropriate reading program, continued to deny V.W. an adequate amount of speech and language therapy, continued to deny V.W. the occupational

therapy services she needed, continued to inadequately address V.W.'s need for homework, continued to deny V.W. appropriate measurable goals and objectives, continued to inadequately address V.W.'s reading, writing and math deficits which, all in all denied V.W. the FAPE to which she was and continues to be entitled.

36. During the 2013-2014 school year V.W. was discriminatorily denied an appropriate education and suffered inappropriate and illegal programing from the District in violation of the IDEA and Section 504.

37. Upon information and belief, the District provides its non-disabled resident students with appropriate programs and services, programs and services which have been denied V.W.

38. Upon information and belief, the District provides its other disabled students with appropriate programs and services, programs and services which have been denied V.W.

39. V.W. had a very successful summer at the Riverview School during 2013.

40. In light of the District's denial of FAPE during part of 2010-2011 and 2011-2012 and the 2012-2013 and 2013-2014 school years, the Parents invoked their Due Process rights and had an Impartial Hearing before Impartial Hearing Officer ("IHO") Mindy Wolman on June 10, 11, 12, 13, July 8, 9 and 30, 2013.

41. IHO Wolman found that the District did not provide V.W. with FAPE during the second half of the 2010-2011 school year and during the 2011-2012 and 2012-2013 school years.

42. IHO Wolman also found that the District's program for V.W. for the 2013-2014 school year likewise denied her the FAPE to which she was entitled.

43. IHO Wolman also found that the denial of Occupational Therapy services was a prolonged deprivation of services to V.W.

5

44. IHO Wolman also found that the IEP developed by the District did not offer V.W. an appropriate program placement for the 2013-2014 school year.

45. IHO Wolman found that "the 2013-2014 IEP did not include direct Occupational Therapy Services, which is a necessary component of the student's Special Education Program. The IEP did not include sufficient speech and language services and did not include counseling service to address the student's social skills deficits. The IEP also did not include the small group reading instruction that the student required. The 12:1+1 special reading class is too large to allow the student to make meaningful progress in reading. The 2013-2014 IEP also did not include AT services and goals to provide the student the training and assistance she needed in the use of assistive technology. [Pgs 29 and 30, IHO Decision].

46. IHO Wolman ordered the following:

- that the District immediately place V.W. in the Riverview School for the 2013-2014 school year;

- fund a comprehensive independent Occupational Therapy Evaluation in order to provide the basis for developing appropriate long term goals and short term objectives to address all of V.W.'s Occupational Therapy needs;

- provide V.W. with three (3) sessions per week of small group speech and language therapy, one (1) session per week of 1:1 speech and language therapy, two (2) sessions per week of 1:1 occupational therapy and one (1) session per week of 1:1 assistive technology services, and individual and group counseling services to address social skills deficits; and,

- repay the Parent for their out-of-pocket expenses for the 2013 summer placement at Riverview School.

6

47. The District refused to comply with IHO Wolman's Orders.

48. On or about May 7, 2014 the District's CSE met and drafted an IEP for V.W. for the 2014-2015 school year.

49. The District's 2014-2015 IEP for V.W. includes the following:

- Special class 12:1+1, one session per day for 40 minutes;

- Special class (Functional Skills Development 12:1+4, four sessions per day for 40 minutes;

- Special class Reading 12:1+1, one session per day for 40 minutes;

- Adopted Physical Education 15:1 five times every 2 weeks for 40 minutes; and

- Speech/Language Therapy small Group, 3 sessions per week for 30 minutes.

50. In order for V.W. to receive the FAPE to which she was entitled, she must be immediately placed in the Riverview School as Ordered by IHO Wolman.

51. The District has not performed adequate evaluations of V.W.

52. The District alters V.W.'s program and services without new evaluative information.

53. The District did not provide appropriate educational services to V.W. for the 2013-2014 school year nor have such services been proposed for the 2014-2015 school year.

54. V.W. has not received appropriate related services and therapies from the District nor have such services been proposed for the 2014-2015 school year.

55. The Parents have thoroughly cooperated with the District and met every obligation required by the District of them.

56. At each and every CSE meeting attended by the Parents, including the CSE meeting planning for V.W.'s 2014-2015 school year, the CSE has predetermined the outcome and did not

afford the Parents an opportunity to be true members of the CSE team developing V.W.'s program.

57. Almost every suggestion by the Parents at CSE meetings has been ignored by the District's CSEs.

58. Through its predetermination of IEP outcomes, the District has violated V.W.'s and the Parents' procedural due process rights, and, as such, has denied a substantive program from which V.W. will benefit.

59. In any and all dealings with the District the Parents and V.W. have not been afforded adequate opportunity for input and, as such, have been denied procedural rights, which significantly affect the substantive program offered by the District and has resulted in the District providing V.W. programming for the 2013-2014 school year which was not appropriate and in violation of the IDEA and Section 504.

60. V.W.'s proposed program and placement for the 2014-2015 school year is not appropriate and violative of the IDEA and Section 504.

61. The denial of V.W.'s substantive rights has resulted in a gross denial of educational opportunities and has resulted in significant educational damage to V.W. in violation of the IDEA and Section 504.

62. V.W. has made no academic progress in the programs in which she has been placed by the District and additionally, her social skills have diminished and she has not been afforded the necessary assistance that would have or will allow her to adequately participate in extracurricular activities.

63. The Parents have visited a number of local alternative programs in the geographical area and have found no programs that would meet V.W.'s complex needs.

64. The Parents and V.W. have visited a residential program, namely the Riverview Program in East Sandwich, Massachusetts and believe that it is a program from which V.W. would benefit and that she needs an immediate residential placement thereat. V.W. has been accepted to this school.

65. V.W. attended the Riverview School for the summer 2013 session and greatly benefitted from the educational opportunities provided her thereat.

66. The District's IEPs do not contain the requisite data identifying V.W.'s present levels of performance.

67. The program and related services that V.W. received during the 2013-2014 school year was inappropriate, inadequate and inconsistent with the available data, evaluations and observations in violation of the IDEA and Section 504.

68. The District has acted in bad faith and has consistently failed to implement an appropriate program for V.W. for the 2013-2014 school year in violation of the IDEA and Section 504.

69. The District has acted in bad faith and neglected to propose an appropriate program for V.W. for the 2014-2015 school year in violation of the IDEA and Section 504.

70. V.W. has been the victim of significant discrimination by the District as, upon information and belief, District non-disabled residential students are provided an appropriate education and afforded opportunities to participate in extracurricular activities and, as such, the District has manifested bad faith and/or gross misjudgment regarding V.W. in violation of the IDEA and Section 504.

71. In addition to not providing appropriate educational services and/or appropriate related services the District has not crafted appropriate goals and objectives for V.W. for the 2014-2015 school year.

9

72. In light of the above, the Parents hereby demand and will request that the IHO order that V.W.'s pendency placement is as a residential student at the Riverview School.

73. In light of the above, the Parents hereby demand and will request that the Impartial Hearing Officer ("IHO") order the District immediately provide V.W. with an appropriate program, namely a placement in the Riverview School.

74. The Parents will request that the IHO order that V.W. receive appropriate occupational therapy services.

75. The Parents will request that the IHO order that V.W. receive an appropriate level of speech language services.

76. The Parents will request that the IHO order that V.W. receive appropriate assistive technology services and appropriate assistive technology devices.

77. The Parents will request that the IHO order and that V.W. receive compensatory services for each and every related service and educational program lost during the 2013-2014 school year in which she was not afforded appropriate occupational therapy services, physical therapy services, speech services, assistive technology services, reading programs, writing programs, math programs and social skills opportunities.

78. The Parents will request that the IHO determine that V.W. has been discriminated against on the basis of her disability, and that her Constitutional and statutory rights to an appropriate education have been denied and that she has suffered considerable and significant damages thereby.

79. The Parents will request that the IHO determine that V.W. is entitled to an appropriate education and must be immediately placed in an appropriate program, namely the Riverview School.

80. The Parents also seeks monetary damages as a result of the District's discrimination against V.W.

81. The Parents seeks attorney's fees in this matter.

82. The Parents seek all other and further relief that the IHO deems appropriate.

This Demand for Due Process is served upon District's Counsel this 8th day of September, 2014.

Respectfully submitted,

Kenneth S. Ritzenberg, Esq.
Young Sommer Ward Ritzenberg
Baker & Moore LLC
5 Palisades Drive, Suite 300
Albany, New York 12205