UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT and VIRGINIA WALSH, individually and
on behalf of V.W., a child with a disability

                       Plaintiffs,

  – against –

DR. JOHN B. KING, JR., as Commissioner of Education
of the New York State Education Department,
JUSTYN P. BATES, as State Review Officer, and the BOARD
OF EDUCATION of the SHENENDEHOWA CENTRAL
SCHOOL DISTRICT,

                       Defendants.

---

## REPLY MEMORANDUM OF LAW
## ON BEHALF OF PLAINTIFFS AND THEIR DISABLED CHILD, V.W.

---

Submitted by,

                              Kenneth S. Ritzenberg, Esq.
                              YOUNG SOMMER, LLC
                              Attorneys for Plaintiffs
                              Virginia & Scott Walsh o/b/o Their
                              Disabled Daughter, V.W.
                              Executive Woods
                              Five Palisades Drive, Suite 300
                              Albany, NY 12205
                              Tel. (518) 438-9907
                              Fax (518) 438-9914

Dated: September 10, 2014

## TABLE OF CONTENTS

**Page(s)**

**PRELIMINARY STATEMENT** .................................................................................... 1

**ARGUMENT** .................................................................................................................. 1

    I.    This Court Has Subject Matter Jurisdiction................................1

    II.    Plaintiffs Have Demonstrated a Likelihood of Success on the Merits and Irreparable Harm and the Motion for Injunctive Relief Should Be Granted................................................................. 2

        a.    Applicable Legal Standard for Injunctive Relief................. 2

        b.    Plaintiffs Have Sufficiently Demonstrated a Likelihood of Success................................................................................ 3

        c.    Plaintiffs Have Sufficiently Demonstrated Irreparable Harm... 7

    III.    Given The Public Policy Considerations and Equitable Concerns, Plaintiffs Request That The Court Dispense With The Requirement For A Bond ................................................................................... 7

**CONCLUSION**.............................................................................................. 9

### PRELIMINARY STATEMENT

Plaintiffs Scott and Virginia Walsh, individually and on behalf of V.W., a child with a disability, moved for a temporary restraining order ("TRO") and preliminary injunction on or about September 3, 2014. Thereafter, Defendants Dr. John B. King, Jr., Commissioner of the New York State Education Department, and Justyn P. Bates, State Review Officer (hereinafter collectively referred to as "NYSED") and Defendant Board of Education of the Shenendehowa Central School District ("District") filed and served separate memoranda of law in opposition. Plaintiffs now submit this memorandum of law in reply and in further support of their motion for a TRO and preliminary injunction.

### ARGUMENT

#### I.   THIS COURT HAS SUBJECT MATTER JURISDICTION.

It is well settled that the requirement of exhaustion of administrative remedies in IDEA cases is "not an inflexible rule." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195 (2d Cir. 2002). "Rather, Congress specified that exhaustion is not necessary if (1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Id.* However, when, as here, the IHO has found in favor of the parents and the District appeals to the SRO, the parents' commencement of litigation in federal court will not be barred for failure to exhaust administrative remedies. *See Sabatini v. Corning-Painted Post Area School Dist.*, 78 F.Supp.2d 138, 140-141 (W.D.N.Y. 1999). As stated by the Western District of New York, "it would be inequitable to penalize plaintiffs [the parents] for a delay that they did not cause and over which they have no control. "It strains logic to say that *plaintiffs* have not exhausted their

1

administrative remedies when *defendant* appealed from a decision adverse to it, and a timely decision on that appeal has not been forthcoming." *Id.*

Here, it is clear that the SRO's decision is untimely and neither party has requested an extension of time. In addition, NYSED has not proffered a good reason for its delay in issuing a decision in this particular case and Plaintiffs have not received any notice or information from NYSED concerning the District's appeal. Further, while there are clearly broader issues with the SRO's compliance with the 30-day time to issue decisions, these issues have not been resolved and, upon information and belief, NYSED has publicly represented that 1 year is not sufficient. *See* Ritzenberg Aff., Ex. N, *Letter from NYSED*, at p.1. Awaiting a decision from the SRO for an undetermined amount of time, in violation of the 30-day requirement for decisions as provided in federal and State law, constitutes futility to resort to the due process procedures.

In addition, NYSED's position that it cannot rectify the backlog of cases, even within a year, should be, at a minimum, considered a "practice of general applicability that is contrary to law," and that exhaustion of administrative remedies is not required on this basis, alone. *See e.g. S.W. v. Warren*, 528 F.Supp.2d 282, 294-296 (S.D.N.Y. 2007).

## II. PLAINTIFFS HAVE DEMONSTRATED A LIKELIHOOD OF SUCCESS ON THE MERITS AND IRREPARABLE HARM AND THE MOTION FOR INJUNCTIVE RELIEF SHOULD BE GRANTED.

### a. Applicable Legal Standard for Injunctive Relief

In the instant motion, Plaintiffs seek injunctive relief and, essentially, compliance with the existing IHO's Decision and Order. Specifically, Plaintiffs seek relief (i) enjoining Defendant Bates and/or the New York State Office of State Review from issuing a decision in the District's Petition dated January 21, 2014, (ii) enjoining Defendant District from not complying with IHO Wolman's Decision and Order dated December 13, 2013 and corrected on

2

December 18, 2013, and (iii) placement of Plaintiff V.W. at the Riverview School pursuant to the IHO's Decision and Order. As such, Plaintiffs request that the traditional standard of "likelihood of success" be applied in a review of Plaintiffs' request for injunctive relief. Regardless of the standard employed by the Court, Plaintiffs have satisfied the initial prong of the test for injunctive relief as Defendants are, clearly, in violation of federal and state statute and the 30-day requirement for the SRO's issuance of a decision, as detailed further in Plaintiffs' initial moving papers and hereinbelow.

### b. Plaintiffs Have Sufficiently Demonstrated a Likelihood of Success

The Court is afforded equitable authority under IDEA and has the authority to fashion appropriate relief pursuant to IDEA. *See* 20 U.S.C. § 1415(i)(2)(C)(iii); *Board of Educ. of Poughkeepsie City School Dist. v. O'Shea*, 353 F.Supp.2d 449, 457-458 (S.D.N.Y. 2005), *citing Mackey v. Bd. of Educ. for the Arlington Cent. Sch. Dist.*, 386 F.3d 158, 165 (2d Cir. 2004). The Southern District of New York has implicitly recognized the Court's power to remedy an undue delay by the SRO stating: "a court may grant appropriate relief where the administrative process has stalled to the point that the due process safeguards guaranteed to parents under the IDEA have been violated." *Murphy v. Arlington Cent. School Dist. Bd. of Educ.*, 86 F.Supp.2d 354, 365 (S.D.N.Y. 2000). The instant case presents such a situation where the administrative process has stalled to the point that parents' rights under IDEA are violated. *See id.*

The relief sought by Plaintiffs is not as unique and controversial as Defendants have argued. The Eastern District of New York found similarly situated plaintiffs, in a similar case, were entitled to relief and rejected the State's contention that it should be afforded an opportunity to come into compliance with the 30-day deadline. *See Schmelzer v. New York*, 363 F.Supp.2d 453 (E.D.N.Y. 2003). Likewise, the Southern District reasoned that "if such unjustified delays in the SRO review process are countenanced, school districts and the State will

3

have strong incentive to delay administrative decisions as a means of deferring or, worse yet, avoiding financial responsibility." *Murphy v. Arlington Cent. School Dist. Bd. of Educ.*, 86 F.Supp.2d 354, 367; *Bd. of Educ. of Poughkeepsie City Sch. Dist. v. O'Shea*, 353 F.Supp.2d at 459 ("[W]e believe that if unjustified and unreasonable delays in the state review process, which have become an increasing problem, are tolerated by the courts, school districts and the state will have a strong incentive 'to delay administrative decisions as a means of deferring, or worse yet, avoiding financial responsibility.'"). In fact, herein the District is arguing that the delay has made this matter moot.

In addition, reliance upon and deference to the IHO is warranted. Where an IHO decision is "informed by great[] educational expertise" it may be relied upon by the Court when it is thorough and well-reasoned. *See R.E. v. New York City Dept. of Educ.*, 694 F.3d 167, 189, 194 (2d Cir 2012) (providing for deference to the IHO when the SRO determinations are "insufficiently reasoned"); *New York City Dept. of Educ. v. V.S.*, 10-cv-05120, 2011 WL 3273922, at *10-12 (E.D.N.Y. 2011) (deference to IHO's decision when the SRO failed to reach the merits and remand to SRO would be futile).

Here, the IHO held seven days of hearing, heard directly from twelve witnesses, reviewed a 1362 page transcript and reviewed 105 exhibits resulting in a thorough, well-reasoned decision. The IHO found that the District has violated Plaintiffs' procedural and substantive due process rights under IDEA by failing to provide V.W. a free appropriate public education ("FAPE") for part of the 2010-2011 and the entire 2011-2012, 2012-2013 and 2013-2014 school years. NYSED is clearly in violation of the 30-day timeline for issuance of an SRO decision. Further, the District's refusal to comply with the IHO's Decision and Order constitutes a continuing violation of V.W.'s procedural and substantive due process rights and deprives her of the

4

educational services she so badly needs in order to receive a FAPE. As such, Plaintiffs are entitled to equitable relief.

The struggle for parents in cases such as this is well-recognized by the courts. As explained by the Southern District:

> In this case, as in many other cases, where parents who disagree with an IEP proposal for their child wait for the merits of their case to be addressed through the process of administrative and judicial review, they must make a choice. They may have the child remain in what they believe to be an inappropriate placement or they may elect to pay for what they deem appropriate. *This choice is real only for parents who have the financial wherewithal to pay for alternative placement.* While parents who reject a proposed IEP bear the initial expenses of a unilateral placement, the school district's financial responsibility should begin when there is an administrative or judicial decision vindicating the parents' position. The purpose of the Act, which is to ensure that every child receive a 'free and appropriate education' is not advanced by requiring parents, who have succeeded in obtaining a ruling that a proposed IEP is inadequate, to front the funds for continued private education...*The prospect of reimbursement at the end of the litigation turnpike is of little consolation to a parent who cannot pay the toll at the outset.*

*Murphy v. Arlington Cent. School Dist. Bd. of Educ.*, 86 F.Supp.2d 354, 365 (S.D.N.Y. 2000) (emphasis added) (requiring the District to pay for private school placement pursuant to SRO's decision through the balance of the litigation), *quoting Susquenita School Dist. v. Raelee S.*, 96 F.3d 78, 86-87 (3d Cir. 1996).

If the Court wishes to address the issue of likelihood of success on the merits of their IDEA claims, Plaintiffs respectfully request that the Court give deference to IHO Wolman's Decision and Order dated December 13, 2013 and corrected on December 18, 2013. IHO Wolman's Decision and Order is based upon seven (7) days of an impartial hearing wherein both the District and Plaintiffs called witnesses and submitted evidence. In addition, IHO Wolman, as the impartial hearing officer, heard the testimony first-hand and evaluated the relevant testimony and evidence. As a result of the review, IHO Wolman issued a thorough and well-reasoned 45-

page decision (36 pages of which constitute a substantive decision) wherein IHO Wolman evaluated the legal and factual arguments of both parties. Despite the District's contentions, the District was afforded a full and fair opportunity to argue before the IHO. In addition, although the District now attempts to rehash the arguments, Plaintiffs respectfully submit that such arguments are not appropriate at this juncture and clearly, these issues are contested by Plaintiffs. *See* Ritzenberg Aff., Ex. J, *Response to District's Appeal to SRO*, Ex. M, *Reply to SRO*. Briefing on the issue of whether the District offered FAPE for the contested school years will be voluminous and Plaintiffs respectfully request that the Court defer a decision on issues relating to the nuances of V.W.'s educational program until formal motion practice is commenced or until the District commences litigation to address these issues. In addition, it is noted that IHO Wolman's Decision and Order was not limited to the 2013-2014 school year, contrary to the District's contentions. IHO Wolman clearly ordered, among other things, "that the District is directed to *immediately place* the Student in the residential program at the Riverview School…and to fund that placement for the 2013-2014 school year" and that "the District shall fund that placement as of the first day of attendance after September 1, 2013." *See* Ritzenberg Aff., Ex. H, *IHO Decision*, at p.36. IHO Wolman's decision is not restricted to the 2013-2014 school year and, instead, the placement and tuition reimbursement is ordered by the IHO without durational limits. Regardless, Plaintiffs have commenced a Demand for Due Process to contest the District's proffered IEP for the 2014-2015 school year and the District's continual failure to provide V.W. with FAPE. *See* Affirmation of Kenneth S. Ritzenberg in Reply, dated September 10, 2014 ("Reply Ritzenberg Aff."), at ¶13-15.

Based on the foregoing, Plaintiffs have demonstrated a clear likelihood of success on the merits and are entitled to a TRO and preliminary injunction.

6

### c. Plaintiffs Have Sufficiently Demonstrated Irreparable Harm.

As provided in more detail in Plaintiffs' initial motion papers, V.W. is 16 1/2 years old and, because of her age, V.W. has a limited amount of time to obtain education through the public education system. In addition, as determined by IHO Wolman, V.W. has been placed in an inappropriate educational program and, as such, has already suffered irreparable harm due to the District's failures to provide V.W. the related services she so desperately needs and the inappropriate educational program and placement provided by the District to V.W. *See* Affidavit of Virginia Walsh, dated September 2, 2014, at ¶9-15. Delay by the SRO in issuing a decision clearly constitutes irreparable harm. As this Court has stated, "the denial of a FAPE over an extended period constitutes harm, and the longer that denial continues, the more irreparable it becomes." *Cosgrove v Bd. of Ed. of Niskayuna Central School Dist.,* 175 F.Supp.2d 375, 382 (N.D.N.Y. 2001). The Eastern District of New York, picked up on this District's holding and stated "[p]ending a SRO decision, a student could be in an improper educational setting, notwithstanding the stay-put provisions of the IDEA" but the irreparable injury to the child is "obvious" because the procedural requirements of the IDEA were put in place for a particular purpose, and that purpose was to ensure that disabled students were provided a FAPE. *Schmelzer v. New York,* 363 F.Supp.2d 453, 459 (E.D.N.Y. 2003). The *Schmelzer* Court further stated, "[i]nordinate delays in the decision making process deprive those students of the rights provided to them under IDEA and cause those students to suffer irreparable harm." *Id.* Based on the foregoing, the SRO's delay and the District's failure to provide an appropriate educational placement and/or a FAPE to Plaintiffs constitutes irreparable harm.

### III. GIVEN THE PUBLIC POLICY CONSIDERATIONS AND EQUITABLE CONCERNS, PLAINTIFFS REQUEST THAT THE COURT DISPENSE WITH THE REQIREMENT FOR A BOND.

The requirement for a bond, pursuant to Fed. R. Civ. P. 65(c), may be waived when the underlying case advances an "important public interest." *Cosgrove v. Bd. of Educ. of Niskayuna Cent. School Dist.*, 175 F.Supp.2d 375, 398 (N.D.N.Y. 2001). An action that seeks compliance with the mandates of IDEA constitutes such an "important public policy interest." *Id.* at 399 ("The case at bar involves an important public policy interest, namely, the compliance of a school district with the mandates of the IDEA, a vital statute for the education of disabled students in our society.") Similarly, here, Plaintiffs seek Defendants' compliance with IDEA and the important public policy considerations of a speedy resolution for parties – particularly parents and students who are put in indefinite limbo as the administrative process is pending, seemingly without end.

Further, the Court is "vested with wide discretion" in regard to Fed. R. Civ. P. 65 and setting the amount of security. *See Cosgrove v. Bd. of Educ. of Niskayuna Cent. School Dist.*, 175 F.Supp.2d at 399. The Court may even dispense with posting of security, particularly when the party sought to be enjoined or restrained has not shown it is likely to suffer harm absent posting of a bond. *See id.* Here, Plaintiffs do not have the financial means to post the exorbitant bond requested by the District. *See* Reply Ritzenberg Aff., at ¶24. Plaintiffs merely seek compliance with the IHO's well-reasoned and thorough decision wherein the District was afforded a full and fair opportunity to participate and ultimately, the IHO (an impartial third party) rejected the District's contentions and found that V.W. was not provided FAPE. Regardless, the costs of private school placement of a child with a disability is not borne solely by the school district and, instead, "the costs of administering the IDEA are inherent in its implementation which carries with it avenues for federal and state funding." *Cosgrove v. Bd. of Educ. of Niskayuna Cent. School Dist.*, 175 F.Supp.2d at 399-400. Based on the foregoing,

8

Plaintiffs request an exception to the bonding requirement in this case. In the alternative, Plaintiffs request that the Court order a bond for a nominal amount in light of Defendants' failures to comply with IDEA despite Plaintiffs' compliance with the statutory scheme and administrative review process.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court grant the motion for a TRO and preliminary injunction enjoining Defendant Bates and/or the New York State Office of State Review from issuing a decision in the District's Petition currently pending before Defendant Bates and/or the New York State Office of State Review, enjoining Defendant District from its refusal to comply with IHO Wolman's Decision and Order, find IHO Wolman's Decision and Order to be final, provide all relief awarded to Plaintiffs and order Defendant, the NYSED and the District, to immediately place Plaintiff V.W. at the Riverview School, and dispense with the bond requirement. Should the District thereafter choose to appeal this matter to this Court, IHO Wolman's Decision and Order must be deemed the "pendency/stay put" placement.

Dated: September 10, 2014
       Albany, New York

Respectfully submitted,

Kenneth S. Ritzenberg, Esq.
Bar Roll No. 505277
Young Sommer Ward Ritzenberg
Baker & Moore LLC
5 Palisades Drive, Suite 300
Albany, New York 12205
(518) 438-9907 (telephone)
(518) 439-9914 (fax)

9