UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT WALSH and VIRGINIA WALSH,
individually and on behalf of V.W.,

                Plaintiffs,

-against-                              1:14-CV-1078 (LEK/RFT)

JOHN B. KING, JR., as Commissioner of
the New York State Education Department,
*et al.*,

                Defendants.

## DECISION and ORDER

### I. INTRODUCTION

Plaintiffs Scott and Virginia Walsh ("Plaintiffs") commenced this suit individually and on behalf of their disabled child V.W. seeking relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1450. Dkt. No. 1 ("Complaint"). Plaintiffs have sued John B. King ("King"), as Commissioner of the New York State Education Department ("NYSED"); Justyn P. Bates, the State Review Officer (the "SRO"); and the Board of Education of the Shenendehowa Central School District (the "District") (collectively, "Defendants"), the school district in which Plaintiffs reside. Compl. Plaintiffs have moved for a preliminary injunction ordering, *inter alia*, the placement of V.W. at the Riverview School, a private residential school in Massachusetts. Dkt. No. 4 ("Motion"). For the following reasons, the Court reserves decision on the Motion and orders the SRO to issue a decision on the District's pending administrative appeal.

## II. BACKGROUND

### A. Statutory Framework

Congress enacted the IDEA "to promote the education of handicapped children." Walczak v. Florida Union Free Sch. Dist., 142 F.3d 119, 122 (2d Cir. 1998) (quoting Bd. of Educ. v. Rowley, 458 U.S. 176, 179 (1982)). "Toward that end, Congress provides federal funds to those states that develop plans to assure 'all children with disabilities the right to a free appropriate public education ['FAPE'].'" Walczak, 142 F.3d at 122 (quoting 20 U.S.C. § 1412(1)); see also A.M. ex rel. Y.N. v. New York City Dep't of Educ., 964 F. Supp. 2d 270, 274 (S.D.N.Y. 2013) ("The [IDEA] requires any state receiving federal funds to provide disabled children with a FAPE."). A state receiving these funds must create, for each qualifying student, an individualized education plan ("IEP") tailored to that child's abilities and needs, see 20 U.S.C. § 1414(d), and "reasonably calculated to enable the child to receive educational benefits," Rowley, 458 U.S. at 207. If a parent believes that her child's IEP does not comply with the IDEA, the parent may file a "due process complaint" with the appropriate state agency. 20 U.S.C. § 1415(b)(6). School districts are then permitted a thirty-day "resolution period" to address alleged deficiencies without penalty. Id. § 1415(f)(1)(B). Once the resolution period has run, a parent may continue to a due process hearing before an independent hearing officer ("IHO"). Id. § 1415(f); N.Y. EDUC. LAW § 4404(1). Any party aggrieved by the IHO's decision may appeal to the SRO, see 20 U.S.C. § 1415(g); N.Y. EDUC. LAW § 4404(2), who must issue a decision within thirty days of the filing of the appeal, unless that deadline is extended at the request of a party, see 34 C.F.R. § 300.515(b); N.Y. COMP. CODES R. & REGS. tit. 8, § 200.5(k)(2). The filing of an appeal to the SRO renders the IHO decision non-binding. N.Y. EDUC. LAW § 4404(1)(c); N.Y. COMP. CODES R. & REGS. tit. 8, § 200.5; see also 34

2

C.F.R. § 300.514(a). Only after the state administrative process is exhausted may either party bring a civil action in state or federal court to challenge the SRO's decision. See 20 U.S.C. § 1415(f)-(g), (i); N.Y. EDUC. LAW § 4404(3); B.M. v. New York City Dep't of Educ., No. 13-2182-CV, 2014 WL 2748756, at *1 (2d Cir. June 18, 2014) ("We have repeatedly held that the failure to exhaust the IDEA's administrative remedies deprives the court of subject matter jurisdiction." (alterations and internal quotation marks omitted)).

### B. Plaintiffs' Challenge to V.W.'s IEP

V.W. is sixteen years old and has multiple developmental disabilities. Compl. ¶¶ 27-28. She currently attends Shenendehowa High School. Dkt. No. 6 ¶ 6. Plaintiffs have challenged the District's IEPs for V.W. for the 2010-2011 through 2013-2014 school years. Compl. ¶¶ 161, 164. In December 2012, Plaintiffs filed a demand for a due process hearing pursuant to the IDEA. Id. ¶ 162. A hearing was held before an IHO in June and July 2013. Id. ¶ 168. The IHO issued a decision in December 2013, finding that, *inter alia*, the District had failed to provide V.W. with a FAPE, and that the District should fund V.W.'s placement at the Riverview School. Compl. ¶¶ 170-171; Dkt. No. 7-8. The District appealed the IHO's decision on January 21, 2014, Compl. ¶ 173, and Plaintiffs filed an answer and cross-appeal[1] on January 31, 2014, id. ¶ 174. The appeals to the SRO were fully briefed by the end of February 2014, Compl. ¶¶ 174-176, but the SRO has yet to issue a decision, id. ¶¶ 177-178. NYSED's Office of State Review currently faces a daunting backlog of undecided cases and is out of compliance with 34 C.F.R. § 300.515(b)'s 30-day rule. See Dkt. No. 7-15. In a letter to the U.S. Department of Education dated April 9, 2014, King stated

---

[1] Plaintiffs appealed the portion of the IHO's decision denying their request for compensatory education in the form of placement in Riverview's post-secondary program. Dkt. No. 7-10 at 18-20.

that NYSED's Office of State Review will not be able to fully comply with the 30-day rule for at least one year. Id. at 2.

V.W. has continued to attend Shenendehowa High School; the District has not placed her at the Riverview School. Compl. ¶ 179.

Plaintiffs commenced this action on September 2, 2014, alleging that Defendants violated V.W.'s procedural and substantive rights under the IDEA and its implementing statutes and regulations, and that the District violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulations. Compl. Plaintiffs seek various forms of declaratory and injunctive relief, including an order that: (1) declares the IHO's decision to be final; (2) enjoins the SRO from issuing a decision on the District's appeal of the IHO's decision; and (3) orders the District to immediately place V.W. at the Riverview School at NYSED and the District's expense. Id. On September 3, 2014, Plaintiffs filed an emergency Motion for a preliminary injunction, seeking these same three forms of relief. Mot. Defendants filed Responses and Plaintiffs filed a Reply. Dkt. Nos. 28 ("District's Response"); 30 ("State's Response"); 32 ("Reply"). Oral argument was heard on September 10, 2014. Dkt. No. 34.

## III.  EXHAUSTION

Defendants argue that Plaintiffs' action must be dismissed for failure to exhaust administrative remedies because the SRO has not yet issued a decision on the parties' appeals. Dist.'s Resp. at 7-9; State's Resp. at 2-4. Plaintiffs reply that, given the SRO's extended delay in issuing a decision, as well as the well-documented backlog of cases before the SRO, awaiting a decision is futile and exhaustion should therefore be excused. Reply at 1-2.

"Exhaustion of IDEA claims is not required if (1) it would be futile to resort to the IDEA's

that NYSED's Office of State Review will not be able to fully comply with the 30-day rule for at least one year. Id. at 2.

V.W. has continued to attend Shenendehowa High School; the District has not placed her at the Riverview School. Compl. ¶ 179.

Plaintiffs commenced this action on September 2, 2014, alleging that Defendants violated V.W.'s procedural and substantive rights under the IDEA and its implementing statutes and regulations, and that the District violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulations. Compl. Plaintiffs seek various forms of declaratory and injunctive relief, including an order that: (1) declares the IHO's decision to be final; (2) enjoins the SRO from issuing a decision on the District's appeal of the IHO's decision; and (3) orders the District to immediately place V.W. at the Riverview School at NYSED and the District's expense. Id. On September 3, 2014, Plaintiffs filed an emergency Motion for a preliminary injunction, seeking these same three forms of relief. Mot. Defendants filed Responses and Plaintiffs filed a Reply. Dkt. Nos. 28 ("District's Response"); 30 ("State's Response"); 32 ("Reply"). Oral argument was heard on September 10, 2014. Dkt. No. 34.

## III.  EXHAUSTION

Defendants argue that Plaintiffs' action must be dismissed for failure to exhaust administrative remedies because the SRO has not yet issued a decision on the parties' appeals. Dist.'s Resp. at 7-9; State's Resp. at 2-4. Plaintiffs reply that, given the SRO's extended delay in issuing a decision, as well as the well-documented backlog of cases before the SRO, awaiting a decision is futile and exhaustion should therefore be excused. Reply at 1-2.

"Exhaustion of IDEA claims is not required if (1) it would be futile to resort to the IDEA's

due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." Coleman v. Newburgh Enlarged City Sch. Dist., 503 F.3d 198, 211 (2d Cir. 2007) (internal quotation marks omitted). These are not judicially-created exceptions; rather, they are "statutory exceptions that courts must follow to carry out the clear intent of Congress." Id. "Accordingly, district courts possess jurisdiction over unexhausted claims only when one or more of these exceptions applies." Id. Any other conclusion would violate the principle that "[o]nly Congress may determine a lower federal court's subject matter jurisdiction." Id.

Here, the SRO's decision is more than seven months overdue. In arguing that the Court has subject matter jurisdiction over this action, Plaintiffs point to Sabatini v. Corning-Painted Post Area School District, where a district court confronted with a delayed SRO decision found exhaustion futile and proceeded to the merits. 78 F. Supp. 2d 138, 141 (W.D.N.Y. 1999) (excusing exhaustion where SRO had not issued decision two months after district filed appeal). However, other courts have, before deeming exhaustion futile, provided the SRO with one last chance to issue a decision. Engwiller v. Pine Plains Cent. Sch. Dist., 110 F. Supp. 2d 236, 245-46 (ordering SRO to issue decision within 10 days); Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., No. 99 Civ. 9294, 1999 WL 1140872, at *4 (S.D.N.Y. Dec. 13, 1999) (declining to excuse exhaustion where SRO scheduled to render decision within seven days). Mindful of the states' critical role in the IDEA's complex policy scheme, see Rowley, 458 U.S. at 207, the Court will order the SRO to issue a decision within fourteen days. Upon issuance of the SRO's decision, the parties may challenge it in a court of competent jurisdiction pursuant to 20 U.S.C. § 1415(i) and N.Y. Education Law

§ 4404(3). See Murphy, 1999 WL 1140872, at *1 & n.1; Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., No. 99 CIV. 9294, 2000 WL 10255, at *1 & n.1 (S.D.N.Y. Jan. 5, 2000), opinion clarified, 99 CIV. 9294, 2000 WL 28260 (S.D.N.Y. Jan. 13, 2000) (recognizing that parties may challenge SRO's decision in state or federal court). If, however, the SRO fails to comply, and the District's appeal is still undecided fourteen days from the filing of this Decision and Order, the Court will find exhaustion futile and exercise jurisdiction over Plaintiffs' claims.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that **within fourteen (14) days** of the filing date of this Decision and Order, Defendant Justyn P. Bates, as State Review Officer, must issue a decision on the Shenendehowa Central School District's appeal of the IHO's December 2013 decision in accordance with 20 U.S.C. § 1415 and N.Y. Education Law § 4404; and it is further

**ORDERED**, that the parties file a status report upon issuance of the SRO's decision or upon expiration of the fourteen day deadline set forth above, whichever is earlier; and it is further

**ORDERED**, that the Court **RESERVES DECISION** on Plaintiffs' Motion (Dkt. No. 4) for a preliminary injunction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 12, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge