UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT WALSH and VIRGINIA WALSH,
individually and on behalf of V.W.,

                Plaintiffs,

     -against-                        1:14-CV-1078 (LEK/RFT)

JOHN B. KING, JR., as Commissioner of
the New York State Education Department,
*et al.*,

                Defendants.

**DECISION and ORDER**

## I.    INTRODUCTION

      The Court assumes the parties' familiarity with the facts and history of this case, and recites only those facts necessary for the disposition of the pending matters. Plaintiffs Scott and Virginia Walsh ("Plaintiffs") commenced this suit individually and on behalf of their disabled child V.W. seeking relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1450. Dkt. No. 1 ("Complaint"). Plaintiffs moved for a preliminary injunction ordering, *inter alia*, the placement of V.W. at the Riverview School, a private residential school in Massachusetts. Dkt. No. 4. ("PI Motion").

      Oral arguments were heard on September 10, 2014. Dkt. No. 34. On September 12, 2014, the Court issued a Decision and Order, which (1) ordered Defendant Justyn P. Bates, the State Review Officer ("SRO"), to issue a decision on Defendant Board of Education of the Shenendehowa Central School District's (the "District") appeal regarding placement of V.W. within fourteen days, and (2) reserved decision by the Court on Plaintiffs' Motion for a preliminary

injunction pending the SRO's decision. Dkt. No. 35 (the "September Order") at 6.

On September 26, 2014, the SRO issued a decision. See Dkt. Nos. 40 ("District's Motion"); 41 ("Plaintiffs' Motion"). Although the Court has not been provided with a copy of the SRO's decision, Plaintiffs indicate that it, "in large measure, found in favor of the Plaintiffs." Pls.' Mot. at 1. On October 8, 2014, Plaintiffs filed a Letter Motion asserting that the District had yet to place V.W. at the Riverview School, and seeking the following relief: (1) a final decision on the preliminary injunction motion; (2) an "order that the SRO decision be implemented immediately and remain in effect until a decision (if any) is rendered upon the potential appeal by Defendant District"; and (3) "an award of attorney's fees and costs to Plaintiffs in order to resolve the immediate issues faced by Plaintiffs." Id.

## II. DISCUSSION

### A. Preliminary Injunction Motion

As stated *supra*, the Court reserved decision on the PI Motion pending a decision by the SRO on the underlying appeal. Sept. Order. The SRO issued a decision in compliance with the Court's Order, and it appears that the SRO found in favor of Plaintiffs. Because the relief sought in the PI Motion has since been granted or is otherwise no longer relevant, the PI Motion is therefore denied as moot. See Bader v. Goldman Sachs Grp., Inc., 311 F. App'x 431, 432 (2d Cir. 2009).

### B. Implementation of the SRO Decision

Plaintiffs assert that the District has yet to place V.W. at the Riverview School and has not "stated whether it is willing to immediately implement the SRO's decision." Pls.' Mot. at 2. Accordingly, Plaintiff seeks an order from the Court compelling the District to immediately implement the SRO's decision. Id.

The IDEA does not specify a time frame for implementing a child's Individualized Education Plan ("IEP"). Federal regulations only require that an IEP be implemented "as soon as possible." 34 C.F.R. § 300.342(b)(1)(ii). The Second Circuit has recognized that this standard is "by design, a flexible requirement" that permits some delay in implementing a child's IEP. D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 514 (2d Cir. 2006). New York regulations are more specific, providing that "if such recommendation is for placement in an approved in-state or out-of-state private school, the [school district] shall arrange for such programs and services *within 30 school days* of the [school district's] receipt of the recommendation." N.Y. COMP. CODES R. & REGS. tit. 8, § 200.4 (emphasis added).

Here, the SRO issued a decision on September 26, 2014, which appears to have ordered the District to place V.W. at the Riverview School. Less than thirty school days have elapsed since the SRO issued his decision. See D.D. ex rel. V.D., 465 F.3d at 514-15 (holding children's rights to a free appropriate education did not entitle them to have their IEPs implemented immediately, or at least within 30 school days, under New York law). However, the Court is hopeful that, considering this dispute regarding the adequacy of V.W.'s IEP has been ongoing since the 2010-2011 school year, as well as the fact that V.W. is now seventeen years old, at a crucial time in her educational development and with limited high school eligibility remaining, the District will place V.W. at the Riverview School as soon as possible. Furthermore, if the District does not implement V.W.'s placement within thirty school days of receipt of the SRO's decision, then the Court shall issue an order mandating that the District immediately place V.W. at the Riverview School.

3

### C. Attorney's Fees

Pursuant to the IDEA, the Court "in its discretion, may award reasonable attorney's fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). The statute further provides that "[f]ees . . . shall be based on rates prevailing in the community in which the action or proceedings arose for the kind and quality of services furnished." Id. § 1415(i)(3)(C). The movant must therefore demonstrate that (1) she is the prevailing party, and (2) the attorney's fees sought are reasonable. Johnson v. D.C., 850 F. Supp. 2d 74, 76 (D.D.C. 2012). Here, Plaintiffs have generally requested costs and fees, see Compl.; Pls.' Mot., but have not provided the Court with any information pertaining to the above criteria. Therefore, Plaintiffs' request for attorney's fees is denied without prejudice to renew upon a properly submitted motion pursuant to 20 U.S.C. § 1415(i)(3)(C).

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 4) for a preliminary injunction **is DENIED as moot**; and it is further

**ORDERED**, that Defendant Board of Education of the Shenendehowa Central School District's Letter Motion (Dkt. No. 40) is **DENIED**; and it is further

**ORDERED**, that Plaintiffs' Letter Motion (Dkt. No. 41) for attorney's fees and an order compelling immediate placement of V.W. at the Riverview School is **DENIED without prejudice to renew** to the extent it request attorney's fees. Decision is **DEFERRED** to the extent the Letter Motion (Dkt. No. 41) requests an injunction for immediate placement, consistent with this Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 10, 2014
         Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge