UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT WALSH and VIRGINIA WALSH,
individually and on behalf of V.W.,

                    Plaintiffs,

      -against-                      1:14-CV-1078 (LEK/RFT)

JOHN B. KING, JR., as Commissioner of
the New York State Education Department,
*et al.*,

                    Defendants.

## AMENDED DECISION and ORDER

**I.    INTRODUCTION**

        The Court assumes the parties' familiarity with the facts and history of this case, and recites only those facts necessary for the disposition of the pending matters. Plaintiffs Scott and Virginia Walsh ("Plaintiffs") commenced this suit individually and on behalf of their disabled child V.W. seeking relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1450. Dkt. No. 1 ("Complaint"). Plaintiffs moved for a preliminary injunction ordering, *inter alia*, the placement of V.W. at the Riverview School ("Riverview"), a private residential school in Massachusetts. Dkt. No. 4. ("PI Motion").

        Oral arguments were heard on September 10, 2014. Dkt. No. 34. On September 12, 2014, the Court issued a Decision and Order, which (1) ordered Defendant Justyn P. Bates, the State Review Officer ("SRO"), to issue a decision on Defendant Board of Education of the Shenendehowa Central School District's (the "District") appeal regarding placement of V.W. within fourteen days, and (2) reserved decision by the Court on Plaintiffs' Motion for a preliminary

injunction pending the SRO's decision.  Dkt. No. 35 (the "September Order") at 6.

On October 8, 2014, Plaintiffs filed a Letter Motion asserting that the SRO had issued a decision, which, "in large measure, found in favor of the Plaintiffs."  Dkt. No. 41 ("Plaintiffs' Motion") at 1.  Plaintiffs further asserted that the District had yet to place V.W. at Riverview, and, consequently, sought the following relief: (1) a final decision on the preliminary injunction motion; (2) an "order that the SRO decision be implemented immediately and remain in effect until a decision (if any) is rendered upon the potential appeal by Defendant District"; and (3) "an award of attorney's fees and costs to Plaintiffs in order to resolve the immediate issues faced by Plaintiffs."  Id.  Plaintiffs did not provide the Court with a copy of the SRO's decision, and Defendants did not oppose Plaintiffs' Letter Motion.  See Docket.

The Court issued a Decision and Order dated October 10, 2014, finding, in relevant part, that the District was required to place V.W. at Riverview within thirty school days, pursuant to federal and New York law; see Dkt. No. 42 ("October Order") at 3; see also 34 C.F.R. § 300.342(b)(1)(ii); N.Y. COMP. CODES R. & REGS. tit. 8, § 200.4; however, the Court deferred decision on ordering V.W.'s placement, as the thirty-day implementation period had not yet expired.  See Oct. Order.

Subsequently, the District filed a Second Letter Motion, which included a copy of the SRO's decision.  Dkt. Nos. 43 ("District's Motion"); 43-1 ("SRO Decision").  The District asserts that Plaintiffs mischaracterized the SRO's decision; in fact, the SRO determined that the District is not required to place V.W. at Riverview, and thus asks the Court to modify its previous Decision and Order accordingly.  Dist.'s Mot.

This Amended Decision and Order amends the October Order to reflect the findings in the SRO's decision.

**II.     DISCUSSION**

   **A. Preliminary Injunction Motion**

In their Motion for a preliminary injunction, Plaintiffs moved the Court to: (1) enjoin the SRO from issuing a decision on the underlying appeal; (2) declare independent hearing officer ("IHO") Wolman's decision as the final determination on V.W.'s educational placement; (3) enjoin the District from not complying with IHO Wolman's decision; and (4) order the District to immediately place V.W. at Riverview at the District and Defendant New York State Department of Education's expense.  PI Mot.

As stated *supra*, the Court ordered the SRO to issue a decision within fourteen days, and reserved decision on the PI Motion pending the SRO's final determination.  Sept. Order.  The SRO issued a decision in compliance with the Court's Order, finding, in relevant part, that the District was not required to place and fund tuition expenses for V.W. at Riverview.  SRO Decision at 23 ("[T]hat portion of the IHO's decision ordering the [D]istrict to remove the student from the public school and immediately place the student out-of-state at Riverview for the 2013-14 school year is reversed.").

In light of the SRO's decision, Plaintiffs' requests to enjoin the SRO from issuing a decision, declare IHO Wolman's decision as final, and order the District to comply with IHO Wolman's decision are now moot.  As to Plaintiffs' request that the Court order the District to immediately place V.W. at Riverview, Plaintiffs' request must be denied, since the SRO found to the contrary on that issue.  See SRO Decision at 23.  Should Plaintiffs wish to challenge the SRO's decision regarding V.W.'s placement at Riverview, Plaintiffs must file a proper appeal in a separate action, as provided for in the IDEA and New York Education Law.  See 20 U.S.C. § 1415(i)(2)(A); N.Y.

EDUC. LAW § 4404(3).

### B. Implementation of the SRO Decision

Plaintiffs' Letter Motion asserted that the SRO found in their favor and, accordingly, requested the Court to order the District to immediately place V.W. at Riverview. Pls.' Mot. However, the SRO's Decision clearly indicates that the District is not required to place V.W. at Riverview. SRO Decision at 23. Therefore, Plaintiffs' request for immediate placement is denied.[1] As stated *supra*, if Plaintiffs wish to challenge the SRO's decision, they may do so in a separately-filed appeal.

### C. Attorney's Fees

Pursuant to the IDEA, the Court "in its discretion, may award reasonable attorney's fees as part of the costs . . . to a *prevailing party* who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B) (emphasis added). The movant must demonstrate that (1) she is the prevailing party, and (2) the attorney's fees sought are reasonable. Johnson v. D.C., 850 F. Supp. 2d 74, 76 (D.D.C. 2012). Here, Plaintiffs have not provided the Court with any information pertaining to the above criteria. The Court does not have sufficient information upon which to assess the issue of costs and fees; therefore, Plaintiffs' request for attorney's fees is denied without prejudice to renew upon a properly submitted motion pursuant to 20 U.S.C. § 1415(i)(3)(C).

---

[1] To the extent Plaintiffs seek immediate implementation of those portions of the SRO's decision that were favorable to Plaintiffs, such request is premature. As noted in the October Order, the District has thirty school days to implement the education plan. See N.Y. COMP. CODES R. & REGS. tit. 8, § 200.4; D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 514 (2d Cir. 2006). Because less than thirty school days have elapsed since the SRO issued his decision on September 26, 2014, Plaintiffs' request must be denied.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 4) for a preliminary injunction **is DENIED as moot**; and it is further

**ORDERED**, that Defendant Board of Education of the Shenendehowa Central School District's First Letter Motion (Dkt. No. 40) is **DENIED**; and it is further

**ORDERED**, that Defendant Board of Education of the Shenendehowa Central School District's Second Letter Motion (Dkt. No. 43) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Letter Motion (Dkt. No. 41) is **DENIED** to the extent it seeks an injunction for immediate placement of V.W. at the Riverview School, and is **DENIED without prejudice to renew** to the extent it request attorney's fees; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    October 15, 2014
          Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge